**Luis de VERA, Plaintiff–Appellant,**

v.

**Vicente G. BLAZ; Phil Flores, Defendants–Appellees.**

**No. 86–2554.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 22, 1988.[*]

Decided July 11, 1988.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Luis de Vera, Dededo, Guam, pro se.

Harry M. Boertzel, Moore, Ching, Boertzel & Lawlor, Agana, Guam, for defendant-appellee Flores.

Before WALLACE, SNEED and POOLE, Circuit Judges.

WALLACE, Circuit Judge:

De Vera, pro se and in forma pauperis, appeals from the decision of the Guam district court, appellate division, affirming the Guam superior court's dismissal of his action against Blaz and Flores for failure to state a claim upon which relief could be granted. De Vera contends the appellate division erred by deciding the appeal using a two-judge panel, by affirming the award of costs in favor of Flores, and by affirming the dismissal of his action. We have jurisdiction pursuant to 48 U.S.C. § 1424–3(c), and we affirm.

I

De Vera's complaint alleged that Blaz and Flores breached a promise to employ him in Blaz's office in consideration for his efforts in Blaz's campaign for election as delegate for Guam to the United States Congress. De Vera sought to recover damages consisting of out-of-pocket expenses he incurred while working in Blaz's campaign, damages stemming from the loss of expected income, general damages for mental and emotional distress, and punitive damages. Blaz was never served with a copy of the complaint and thus never became a party to this action.

Flores moved to dismiss the complaint for failure to state a claim under Guam Sup.Ct.R.Civ.P. 12(b)(6). The Guam superior court dismissed the claim on the grounds that the alleged agreement that formed the basis of de Vera's claim for damages violated both federal and territorial election statutes prohibiting a candidate from promising public employment for an individual in consideration for the individual's vote, support, or work in a candidates's election campaign. De Vera appealed the dismissal of his claim to the appellate division of the United States district court of Guam. A two-judge panel affirmed the superior court's decision. We review the decision of the appellate division de novo. *Guam v. Yang*, 850 F.2d 507, 511 (9th Cir.1988) (en banc).

II

De Vera first contends that the appellate division was without power to decide his appeal because he never waived his right to a decision by a three-judge panel. Appeals from the Guam superior court to the district court of Guam "shall be heard and determined by an appellate division of

the [district] court consisting of three judges, of whom two shall constitute a quorum." 48 U.S.C. § 1424–3(b); *see also Cruz v. Abbate,* 812 F.2d 571, 573 (9th Cir.1987) ("[t]he appellate division of the Guam district court consists of three judges, with two judges normally required to make a decision").

Although de Vera's appeal was originally scheduled before a three-judge panel, one judge recused himself from the case, and the appeal was submitted to the remaining two judges. Because the statute expressly authorizes hearing and decision of appeals by a quorum of two appellate division judges, no waiver or stipulation by either of the parties was required in order for the court to proceed without a third judge. *See* 48 U.S.C. § 1424–3(b). We hold, therefore, that the appellate division was authorized to decide de Vera's appeal using a panel consisting of two judges.

### III

■ De Vera next contends that the appellate division erred by affirming the superior court's award of costs. De Vera's complaint sought recovery of general damages of $100,000, plus punitive and compensatory damages. The superior court rendered judgment in favor of Flores, and awarded him costs under Guam Code Civ. P. §§ 1024, 1022, which together provide that "[c]osts must be allowed of course to the defendant upon a judgment in his favor" in an "action for the recovery of money or damages." Because the award of costs was explicitly authorized by sections 1024 and 1022, the appellate division did not err in affirming the award of costs to Flores.

The appellate division mistakenly stated in its order that the superior court "awarded Blaz and Flores their costs," and then affirmed the award. The superior court awarded costs only to Flores. Because Blaz was never made a party to the suit, the appellate division's misstatement had no effect on the cost award and was therefore harmless.

### IV

■ De Vera also argues that the appellate division erred by affirming the dismissal for failure to state a claim upon which relief can be granted. The appellate division affirmed the superior court's ruling that the alleged agreement upon which de Vera's action was based violated federal and territorial election statutes and was therefore void and unenforceable. The superior court dismissed the claim pursuant to Guam Sup.Ct.P. 12(b)(6), which is identical to Fed.R.Civ.P. 12(b)(6).

We look to relevant Ninth Circuit authority when interpreting a Guam statutory rule that closely tracks a federal procedural rule. *See, e.g., Guam v. Ojeda,* 758 F.2d 403, 406 (9th Cir.1985) (federal rules of evidence); *see also Electrical Construction & Maintenance Co. v. Maeda Pacific Corp.,* 764 F.2d 619, 620–21 (9th Cir.1985) (*Maeda*) (federal rules of civil procedure).

To uphold the appellate division's decision affirming the dismissal for failure to state a claim, "it must appear to a certainty that the law would not entitle plaintiff to relief under any set of facts that he or she could prove." *Maeda,* 764 F.2d at 620–21. Our review of the dismissal is limited to the contents of the complaint. *Id.* at 620. We accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the nonmoving party. *Id.* at 621. Even under that most stringent standard, our review of de Vera's complaint convinces us that dismissal was proper as a matter of law.

Under Guam Civil Code § 1608, a contract is void if any part of its consideration for one or more objects is unlawful. Under Guam Civil Code § 1607, a consideration is unlawful if it is "contrary to an express provision of law." De Vera's complaint prayed for damages resulting from the breach of an alleged agreement to employ de Vera in consideration for de Vera's support, vote, and campaign efforts on behalf of Blaz. The alleged promise clearly violates express provisions of both federal and territorial election laws. *See* 18 U.S.C. § 599 (prohibiting promise of employment by a candidate); 18 U.S.C. § 600 (prohibit-

ing the promise of "any employment ... or other benefit ... made possible in whole or in part by any Act of Congress" as consideration or reward for "any political activity or for the support of or opposition to any candidate"); 3 Guam Code Ann. § 8118 (prohibiting the gift or receipt of "any money or other valuable thing" as consideration for assistance in "securing the selection or endorsement of any other person as a nominee or candidate"); 3 Guam Code Ann. § 8125 (prohibiting candidates from entering into agreements to appoint a person to office to induce that person to aid in procuring the election of a candidate). The alleged agreement, therefore, cannot provide de Vera with any basis for recovery. *See* Guam Civil Code § 1608; *United States v. Mississippi Valley Generating Co.*, 364 U.S. 520, 563, 81 S.Ct. 294, 315–16, 5 L.Ed.2d 268 (1961) (court will not enforce illegal contract where to do so would sanction the very type of bargain which a statute outlaws and to deprive the public of protections which the legislature has conferred); *see also* S. Williston, *A Treatise on the Law of Contracts* § 1763 (3d ed. 1972) (if a statute prohibits an agreement, courts will not lend their aid to any attempt to enforce the agreement); *id.* at § 1740 (courts do not permit one who has illegally induced a bargain to recover in *quantum meruit* for money paid or services rendered); *id.* at § 1786A (where bargain is wholly or partly illegal, not even a quasi-contractual recovery may be had). Because the agreement alleged in de Vera's complaint is clearly illegal, and because no amendment could preserve de Vera's complaint, the appellate division did not err by affirming the superior court's dismissal with prejudice of de Vera's action.

AFFIRMED.