**Ann Q. LYNN, Plaintiff–Appellant,**

**v.**

**CHIN HEUNG INTERNATIONAL, INC. and Korea Insurance Company, Defendants–Appellees.**

**No. 86–2913.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 1987.

Submission Vacated May 23, 1988.

Resubmitted July 25, 1988.

Decided Aug. 1, 1988.

Susan Ekimoto Jaworowski and Patricia K. Wall, Reinwald, O'Connor & Marrack, Honolulu, Hawaii, for plaintiff-appellant.

David W. Dooley, Carlsmith, Wichman, Case, Mukai and Ichiki, Agana, Guam, for defendants-appellees.

**1222**

Before POOLE, KOZINSKI and O'SCANNLAIN, Circuit Judges.

POOLE, Circuit Judge:

Plaintiff-appellant Ann Lynn (Lynn) appeals the judgment of the District Court of Guam, Appellate Division, affirming the judgment of the Superior Court of Guam dismissing her suit with prejudice for failure to prosecute. We affirm.

Lynn filed this action for damages against Chin Heung International, Inc. and its insurer, Korea Insurance Company (collectively appellees), on March 13, 1981. Both appellees answered by May 11 and the parties then embarked on discovery. In April 1982, Lynn filed an at-issue memorandum. The parties later stipulated to vacate the trial date and continue discovery and settlement negotiations. In July 1982, appellees sought production of a large number of documents. No further action occurred thereafter except for Lynn's counsel's invitation to inspect the requested documents in late 1983, to which appellees apparently never responded, and minimal and sporadic attempts to negotiate a settlement. The record indicates that counsel for both sides were preoccupied with other professional matters during this period. In late 1984, defense counsel suffered a heart attack and was substituted out of the case in December 1984. Appellees' new counsel moved for dismissal for failure to prosecute on December 27, 1984. The superior court granted the motion on the ground that Lynn had not been diligent in prosecuting the case and appellees had been prejudiced by Lynn's delay in that Chin Heung was no longer doing business in Guam and two defense witnesses were now beyond the reach of the court's process. The court then denied Lynn's motion for reconsideration. The Appellate Division of the District Court of Guam affirmed, applying Ninth Circuit precedent. This appeal followed.

■ We review the decision of the Appellate Division de novo. *People of the Territory of Guam v. Yang*, 850 F.2d 507 (9th Cir.1988) (en banc). We may affirm that decision on any ground finding support in the record. *Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir.1984). The trial court's decision to dismiss with prejudice for failure to diligently prosecute is reviewed for a clear abuse of discretion. *Id.*

■ The trial court's dismissal was based on Guam R.Civ.P. 41(b), which tracks the language of the parallel Federal Rule. Lynn relies on this court's constructions of the Federal Rule in her attack on the trial court's decision. Specifically, she cites Ninth Circuit precedents requiring a warning of possible dismissal and the consideration of less drastic sanctions before a complaint can be dismissed for want of diligent pursuit. This reliance is misplaced. The language of Rule 41(b) nowhere imposes these requirements. This court has construed the federal rule, in light of the conditions obtaining in federal trial courts and the policies we have discerned therein, to command certain procedures prior to dismissal. The courts of Guam, however, are not required to read the identical language in a similar broad manner. In the absence of an authoritative decision aligning the interpretation of the Guamanian Rule with that followed by this court, we decline to characterize the assertion of independence by the local trial judge as an abuse of discretion. Though we may disagree with the methodology of docket management adopted by the local courts, we concede their proper role in administering their docket in light of prevailing local conditions. *See Franklin*, 745 F.2d at 1232.

This deference to the local court's construction is not inconsistent with our recent opinion in *De Vera v. Blaz*, 851 F.2d 294 (9th Cir.1988). There we applied the rule of construction that "[w]e look to relevant Ninth Circuit authority when interpreting a Guam statutory rule that closely tracks a federal procedural rule." *Id.* at 296. *De Vera* is distinguishable in two important respects. First, in that case we construed Guam's equivalent to Fed.R.Civ.P. 12(b)(6), a rule which governs challenges to the substantive sufficiency of pleadings rather than setting general standards of litigation conduct, as here. We decline to presume

that distant Guam has adopted our judicial gloss in a matter of peculiarly local importance and broad discretion. Second, though the rule is useful when the local court has purported to follow Ninth Circuit law, as in *De Vera,* it is inappropriate where the local court in a case of first impression has expressly or impliedly adopted a reasonable alternative to our construction. *Cf. Guam Econ. Dev. Auth. v. Ulloa,* 841 F.2d 990, 992–93 (9th Cir. 1988) (presumption of adoption of California interpretation not applicable where legislature impliedly rejected the California view). Where, as here, the local court has studiously avoided recent and obvious Ninth Circuit authority in favor of original analysis, we find no basis for presuming orthodoxy. Accordingly, we honor the Superior Court of Guam's independence and accept its construction of Guam R.Civ.P. 41(b).

Lynn's remaining contentions are similarly unavailing. We find no abuse of discretion in the trial court's determinations that appellees had been prejudiced and that Lynn had not in fact diligently prosecuted the action. The chronology of this litigation speaks for itself, and no legitimate excuse for Lynn's extended inaction appears. As to her argument that she was diligently prosecuting *at the time of the motion to dismiss,* she again seeks to impose the federal standard upon the local courts. Again, we refuse.

AFFIRMED.