951 F.2d 1131
 Vicente Fejeran AGUON, Concepcion Aguon Cruz, David
Mantanona, Ana Aguon Meno, Isabel Aguon Borja, and
Jesus Fejeran Aguon, Plaintiffs-Appellants,
v.
Pilar L. CALVO, Monsignor Oscar L. Calvo, Eleuterio L.
Calvo, the Estate of Rufo L. Calvo, Felix L. Calvo, Juanita
De Ora, Luisa C. Carlos, Magdalena L. Calvo, Maria C.
Atalig, Dennis A. Calvo, the Heirs of Rafael L. Calvo,
Defendants-Appellees.
 No. 90-16364.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Nov. 7, 1991.*
Decided Dec. 20, 1991.
 
 David A. Mair, Mair, Mair, Hogan & Spade, Agana, Guam, for plaintiffs-appellants.
 J.C. Dierking, Agana, Guam, for defendants-appellees.
 Appeal from the United States District Court for the Territory of Guam, Appellate Division.
 Before ALARCON, D.W. NELSON and CANBY, Circuit Judges.**
 D.W. NELSON, Circuit Judge:
 
 
 1
 The rather remarkable facts of this case are set forth in some detail in our prior opinion in this case, Aguon v. Calvo, 829 F.2d 845 (9th Cir.1987). Appellant Vicente Aguon asks this Court to reverse the findings of the Superior Court of Guam and the United States District Court for the Territory of Guam (Appellate Division) that title to property known as "Lomsed" had vested in Appellee Pilar Calvo. We decline to do so.
 
 
 2
 While this is an appeal from a United States District Court pursuant to 28 U.S.C. § 1291, this court has long recognized that, when sitting as the Appellate Division, the District Court of Guam "functions as a local territorial appellate court." Aguon, 829 F.2d at 847. In that capacity, we held in Aguon, its decisions on a matter of local law are entitled to great deference from this court. We therefore remanded this case to the lower courts to determine whether the Guam Marketable Title Act vested title in Calvo. Id. at 849.
 
 
 3
 Subsequently this Court, sitting en banc, decided Guam v. Yang, 850 F.2d 507 (9th Cir.1988) (en banc). Yang reversed the heretofore settled rule of deference to Guam courts in the interpretation of local law. It held that the final responsibility for interpreting Guam law lay, not with the Guam courts, but with this court. Id. at 510-11. As a result, having remanded this case in 1987 to obtain the benefit of the lower courts' construction of the Guam Marketable Title Act, we must now review that construction de novo.
 
 
 4
 There is only one issue presented by this appeal: whether the Guam Marketable Title Act, Guam Civ.Code § 1218, requires a title holder who is in undisputed possession of much of the tract in issue actually to possess every square foot of the property in order to have marketable title.[1] This is a question of first impression in Guam.
 
 Guam Civ.Code § 1218.1 provides:
 
 5
 Any person ... who has an unbroken chain of title to any interest in land by himself and his immediate and remote grantors since January 1, 1935, and is in possession of such land, shall be deemed to have a marketable record title to such interest....
 
 
 6
 It is no longer disputed in this case that Calvo has an unbroken chain of title dating from before January 1, 1935. Calvo has also filed an affidavit, not contradicted by Aguon,[2] alleging that Calvo and members of Calvo's family were occupying and farming on the property. Aguon asserts, however, that the affidavit fails to establish that Calvo physically occupied every bit of the disputed tract. Aguon points out that the statute nowhere states that constructive possession is sufficient. Calvo counters that the statute nowhere requires actual possession. Both sides are correct. The language of § 1218.1 is ambiguous on this point.
 
 
 7
 Fortunately, Guam Civ.Code § 1218.10 provides some guidance in interpreting the Act. That section provides:
 
 
 8
 This Article shall be construed to effect the legislative purpose of simplifying the facilitating of land title transactions by allowing persons to deal with the record title owner ... and to that end to bar all claims that affect or may affect the interest thus dealt with, the existence of which claim arises out of or depends upon any act, transaction, event or omission antedating January 1, 1935....
 
 
 9
 Aguon asks this court to read into 1218.1 a requirement that title holders prove that they have current possession over every square inch of their land. Such a requirement would defeat the legislative purpose expressed in § 1218.10 in two ways. First, it would defeat the stability and certainty which the drafters of the Act hoped to bring to real property transactions. Guam Civ.Code § 1218.3 required that claims adverse to those of the title holder be filed by 1960. Petitioners such as Aguon could claim that the Act did not apply if a title holder were not using every part of her land. Finality and certainty would be lost.
 
 
 10
 The second way in which requiring actual possession of an entire tract would undermine the purposes of the Act is by complicating proof of possession. Section 1218.10 was designed to "simplify the facilitating [sic] of land title transactions" by allowing reliance on record title. Aguon's construction of the Act would defeat this purpose by requiring extrinsic evidence of actual possession of all parts of a piece of property, even where ownership was not contested.
 
 
 11
 Finally, we see no policy reason to favor Aguon's interpretation. The Act is not an adverse possession statute. It does not award property to those who did not own it before. Instead, it merely protects long-time owners with title from having to defend their claims forever. Ordinary holders of title do not have to prove actual possession of the whole of their property in order to retain ownership. It would be ironic if a statute designed to protect title holders were construed to require more rather than less from them.
 
 
 12
 We agree with both the Superior Court of Guam and the District Court of Guam, Appellate Division that the Act does not require that Calvo actually possess every square inch of Lomsed. The possession described by Calvo in his affidavit is clearly sufficient. That being the case, Calvo's title is protected under the Guam Marketable Title Act.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 A prior panel of this Court initially retained jurisdiction over future appeals. Aguon v. Calvo, 829 F.2d 845, 849 (9th Cir.1987). On September 27, 1990, that panel relinquished jurisdiction and directed that this appeal be calendared in due course before any regularly constituted panel
 
 
 [1]
 In the Appellate Division, Aguon also contended that the "possession" required by section 1218.1 of the Act was continuous possession over a specified period of time. The Appellate Division held that the Act required only current possession. Aguon has not contested that ruling on this appeal
 
 
 [2]
 We reject Aguon's argument that there is a disputed question of material fact concerning whether Aguon, rather than Calvo, was in possession of parts of the disputed tract. Aguon's affidavit merely states that he "resided on or near Lot No. 292 ... since 1926." (emphasis added)