**Adrian L. CRISTOBAL, et al., Plaintiffs–Appellants,**

**v.**

**Jeffrey SIEGEL, et al., Defendants– Appellees.**

**No. 92–16642.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 3, 1993.*

Decided June 23, 1994.

---

* Pursuant to Ninth Circuit Rule 34–4, the panel unanimously finds this case suitable for disposition without oral argument.

Peter F. Perez, Agana, Guam, for plaintiffs-appellants.

Barry K. Tagawa, Long & Levit, San Francisco, CA, for defendants-appellees.

Before: POOLE, WIGGINS and T.G. NELSON, Circuit Judges.

Opinion by Judge POOLE.

POOLE, Circuit Judge:

Appellants ("the Cristobals") challenge an order of the District Court of Guam Appellate Division ("Appellate Division") affirming the grant of summary judgment by the Superior Court of Guam ("Guam Superior Court") in favor of Appellees Jeffrey Siegel, Francis Gill, Brian Hanohano, and Coral Pit, Inc. ("Coral Pit"). Coral Pit filed a motion for summary judgment in early January 1991. The Cristobals failed to file a timely memorandum of points and authorities in opposition to the motion. Guam Rule of Court 3(c) provides that failure to file a memorandum of points and authorities in opposition to a motion constitutes consent to the granting of that motion. The Guam Superior Court deemed that the Cristobals had consented to Coral Pit's motion for summary judgment under Rule 3(c) because the Cristobals did not file opposition papers and entered summary judgment in favor of Coral Pit. We reverse and remand.

## I. FACTUAL & PROCEDURAL BACKGROUND

This appeal arises out of protracted litigation regarding a lease agreement. The Cris-

tobals brought suit against Coral Pit in June 1988 alleging fraud, cancellation of instruments, forgery, and slander of title. Coral Pit counterclaimed to have title of property quieted in Coral Pit. By August 1989 Coral Pit had successfully obtained either summary judgment for or dismissal of each of the Cristobals' causes of action.

Subsequently the parties began settlement negotiations. On March 12, 1990, the Cristobals' counsel, Lawrence Teker ("Teker"), wrote to Coral Pit's counsel, Thomas J. Lannen ("Lannen"), confirming that he had met with the Cristobals, that they agreed to a settlement proposal, but that they were reviewing the final document.

On March 16, 1990, Teker again wrote to Lannen, stating "As I mentioned I still don't have the authority to give you this letter but I think I will." Attached was an unsigned letter proposing a settlement dated March 9, 1990.

On April 2, 1990, Lannen's office received a copy of the March 9, 1990 letter proposing settlement, this time signed by Teker. Lannen responded in an April 24, 1990 letter stating, "On behalf of all the defendants, the offer is hereby accepted." After reiterating the terms set out in Teker's letter, Lannen closed by noting "I believe the parties all agree to add two additional terms, which have always been included in past discussions." These terms included a letter from Judge Lamorena, one of "the Cristobals," absolving Coral Pit of any fraud, and an agreement that the Cristobals would not oppose a rezoning of the property. We have no record of Teker's response, if any.

Nearly five months later, on September 13, 1990, Lannen again wrote to Teker, this time complaining of the Cristobals' delay in reviewing and executing "the Settlement Agreement." Lannen stated that regardless of whether a settlement agreement were executed, "it is our position that a settlement of this matter has been reached. While I believe our correspondence clearly reflects our agreement, should there be any doubt, this is again to affirm that we accept your offer of settlement as set forth in your March 9, 1990 letter which you delivered on your client's behalf." Lannen warned that if the settle-

ment documents were not forthcoming that he would seek court enforcement of the settlement.

On September 20, 1990, David Lujan ("Lujan") wrote to Lannen informing him that he had replaced Teker as counsel for the Cristobals, and that his clients rejected any settlement discussed between Teker and Lannen. Lujan formally appeared as counsel of record for the Cristobals on September 27, 1990.

On January 3, 1991, Coral Pit filed a motion for summary judgment seeking enforcement of the purported settlement agreement. Attached to the motion were copies of the letters described above. The motion was noticed for hearing on January 17, 1991. The Cristobals had until January 10, 1991 to file their response, or a motion for leave to file a late brief. Not until January 15, 1991 did the Cristobals file a motion to permit late filing of their opposition papers, as well as an ex parte application for order shortening time for hearing on that motion.

The Guam Superior Court heard the motion to permit late filing on January 15, 1991. First, the court continued the summary judgment hearing from January 17, 1991 to January 24, 1991. Then the court denied the motion to permit late-filed opposition. Then the court deemed the motion for summary judgment consented to under Rule of Court 3(c). According to the court this "consent" to summary judgment mooted the summary judgment hearing scheduled for January 24, 1991. On this basis the court granted summary judgment to Coral Pit.

The Cristobals filed a motion for reconsideration, but then withdrew the motion because no final judgment had been entered pursuant to Guam Rule of Civil Procedure 59(e). On May 17, 1991 the Cristobals moved for entry of final judgment pursuant to Guam Rule of Civil Procedure 54(b). The Guam Superior Court entered a judgment enforcing the terms of the alleged settlement agreement on October 9, 1991. The Cristobals filed a notice of appeal to the Appellate Division on November 13, 1991. The Appellate Division affirmed the Guam Superior Court's entry of summary judgment holding that the Guam Superior Court did not err

when it found that there was no excusable neglect in the Cristobals' failure to timely file an opposition to Coral Pit's motion for summary judgment. The Cristobals timely appealed to this court.

## II. STANDARD OF REVIEW

■ *Guam v. Yang,* 850 F.2d 507, 511 (9th Cir.1988) (en banc) established that this court reviews the interpretations of Guam law by the District Court of Guam Appellate Division de novo. This court reviews the decision of the trial court, the Guam Superior Court, as if it had not been heard previously by an appellate court. *Guam v. Ignacio,* 10 F.3d 608, 611 (9th Cir.1993); *accord Aguon v. Calvo,* 951 F.2d 1131, 1132–33 (9th Cir. 1991) (after remand to Guam Superior Court "to obtain the benefit of the lower courts' construction of the Guam Marketable Title Act, we must now review that construction *de novo.*"); *Petition of Government of Guam,* 869 F.2d 1326, 1327 (9th Cir.1989) (de novo review of Guam Superior Court's interpretation of Guam Civil Code).

■ Coral Pit argues that this case turns on an interpretation of local procedural rules, specifically whether the Guam Superior Court erred in finding no excusable neglect by the Cristobals' counsel when failing to file opposition papers. Consequently Coral Pit urges the panel to apply an abuse of discretion standard. In *Lynn v. Chin Heung International, Inc.,* 852 F.2d 1221, 1222 (9th Cir.1988) and *Guam Sasaki Corp. v. Diana's Inc.,* 881 F.2d 713, 716 (9th Cir.1989), however, we carefully distinguished between the deference owed to local rules regarding "the methodology of docket management adopted by the local courts," (abuse of discretion) and local rules which govern "challenges to the substantive sufficiency of pleadings" (de novo). *Lynn,* 852 F.2d at 1222. Since a motion for summary judgment challenges the substantive sufficiency of a complaint, we review the Guam Superior Court's grant of summary judgment de novo. *See Hyon–Su v. Maeda Pacific Corp.,* 905 F.2d 302, 304 (9th Cir.1990) (grant of summary judgment by Guam Superior Court reviewed de novo).

## III. DISCUSSION

### A. Summary Judgment and Rules of Practice

Within the Ninth Circuit a federal trial court cannot grant summary judgment under the Federal Rules unless the moving party bears its burden of showing its entitlement to judgment.

> A local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule 56, hence impermissible under Rule 83 [which prohibits rules of court inconsistent with the Fed. R.Civ.P.].

*Henry v. Gill Industries, Inc.,* 983 F.2d 943, 950 (9th Cir.1993) (construing the Federal Rules); *See also Hoover v. Switlik Parachute Co.,* 663 F.2d 964, 967 (9th Cir.1981) (where no opposition to motion filed, summary judgment still inappropriate if there is insufficient evidence to support the motion). For reasons which we elaborate below, this Ninth Circuit construction of the Federal Rules of Civil Procedure applies to Guam Rule of Civil Procedure 56. Consequently, the Guam Superior Court erred by granting summary judgment based on the Cristobals' "consent," because this consent was only a constructive consent based on the strict application of Guam Rule of Court 3(c). This application of Guam Rule of Court 3(c) relieved Coral Pit of its burden to demonstrate its entitlement to summary judgment and the trial court of its responsibility to independently evaluate the sufficiency of the motion, contrary to the Ninth Circuit's substantive requirements for summary judgment.

### 1. Relationship Between the Guam Rules of Court and the Guam Rules of Civil Procedure

■ Coral Pit argues that our interpretation of the relationship between the Federal Rules of Civil Procedure and local federal court rules should not govern the relationship between the Guam Rules of Civil Procedure and the Guam Rules of Court because the Guam Rules of Court supersede the Guam Rules of Civil Procedure.

Coral Pit's argument depends upon a tortured reading of the former Guam Rule of Court 1, in force at the time of the Guam Superior Court's decision, which provided that "All rules in conflict with these rules shall be of no further force or effect to the extent of the conflict." Coral Pit urges us to read this clause to mean that the Guam Rules of Court supersede the Guam Rules of Civil Procedure.

We do not read the clause so broadly. The former Guam Rule of Court 1 should be read as nullifying all other *rules of practice* inconsistent with the Rules of Court. Were Guam Rule of Court 1 read to make the Guam Rules of Court preeminent over the Guam Rules of Civil Procedure by virtue of this one clause we might be opening the door to conflicting interpretations between the Guam Rules of Court and the Guam Rules of Evidence, the Guam Rules of Probate, etc. We decline to open that door.

The legislature expressed this concern in its enabling statute for the Guam Rules of Court. The enabling statute says that rules promulgated under its authority shall not abridge, enlarge, or modify any substantive right. To deem consent to a grant of summary judgment on the basis of a rule of practice modifies a litigant's substantive rights.[1]

Coral Pit notes that their argument is specifically supported by the commentary to the recently revised Guam Rules of Court which states that the Guam Rules of Court which were in effect at the time of defendants' motion for summary judgment "were, according to their own terms, superior to the Rules of Civil Procedure. The new rules expressly provide to the contrary." This commentary by itself, however, is less persuasive than the practice of the Guam Superior Court which itself recognized the supremacy of the Rules of Procedure over the Rules of Court as outlined in Guam Rule of Civil Procedure 83. We take judicial notice of the fact that on at least one occasion, a majority of Guam Superior Court judges amended the Rules of Court pursuant to Rule 83.

Finally, Coral Pit argues that the 1979 Guam Rules of Court, which were in effect at the time the Guam Superior Court ruled on the motion for summary judgment, had been promulgated by the Judicial Council *after* the Guam Rules of Civil Procedure, and therefore the legislative decree of Guam Rule of Court 1 supersedes the previously enacted Rules of Civil Procedure. This is false. Coral Pit argues from the erroneous belief that the 1974 Rules of Civil Procedure governed. New Rules of Civil Procedure took effect in 1990, *after* the 1979 Rules of Court. *See* 7 Guam Code Ann. A–1, A–2, B–1.

Consequently, we conclude that the Guam Rules of Court which were in effect at the time the Guam Superior Court considered the motion for summary judgment were rules of practice which did not supersede the substantive requirements of the Guam Rules of Civil Procedure.

### 2. Ninth Circuit Precedent

 Coral Pit argues that even if Guam Rule of Civil Procedure 56 applies to this case that Ninth Circuit interpretations of Federal Rule of Civil Procedure 56 do not. According to Coral Pit, *Lynn v. Chin Heung International, Inc.,* 852 F.2d 1221 (9th Cir. 1988) established. that the Ninth Circuit should defer to interpretations of the Guam Superior Court which "studiously avoid[ ] recent and obvious Ninth Circuit authority in favor of original analysis." *Id.* at 1223. We read *Lynn,* however, as establishing a test which requires deference to original analysis in matters of peculiarly local importance, and less deference when interpreting rules which closely track the federal rules and "which govern[ ] challenges to the substantive sufficiency of pleadings." *Id.* at 1222. Since Guam Rule of Civil Procedure 56 closely tracks a federal rule, and governs challenges

---

1. In their briefs the Cristobals question the basic legitimacy of the Guam Rules of Court purportedly in effect at the time of the summary judgment motion. Specifically, the 1979 Rules of Court purport to derive their authority from Guam Code Civ.P. § 123, a statute which had been repealed for five years prior to promulgation of the Guam Rules of Court. The repeal, however, was in fact a recodification. A nearly identical authorizing statute is found in Guam Code Civ.P. § 66.

to the substantive sufficiency of an action, Ninth Circuit authority regarding the analogous federal rule appropriately governs interpretation of Guam Rule of Civil Procedure 56. We have repeatedly held that in cases from Guam "[a] grant of summary judgment is ... reviewed de novo, using the same standard employed by the trial court under Fed.R.Civ.P. 56(c)." *Hyon–Su v. Maeda Pacific Corp.*, 905 F.2d 302, 304 (9th Cir.1990) (citations omitted); *See also, Unpingco v. Hong Kong Macau Corp.*, 935 F.2d 1043, 1045 (9th Cir.1991) ("Where a Guam rule of civil procedure tracks a federal rule of civil procedure, we look to relevant Ninth Circuit law on the latter in interpreting the former. We review a grant of summary judgment de novo." (citations omitted)). Therefore, the analogous Federal Rules case of *Henry v. Gill Industries, Inc.*, 983 F.2d 943 (9th Cir. 1993), governs our interpretation of Guam Rule of Civil Procedure 56 in this case.

### 3. Right to Argue Issue on Appeal

■ Coral Pit also argues that the Cristobals are barred from raising the issue of the conflict between Guam Rule of Civil Procedure 56 and Guam Rule of Court 3(c) for the first time on appeal. Although we typically do not consider issues on appeal which were not presented to the trial court, we have discretion to consider matters of law never considered prior to appeal. *See, e.g., Smiley v. Director, Office of Workers Compensation Programs*, 984 F.2d 278, 281 (9th Cir.1993). This conflict between the rules is an issue of law derived in part from our recent decision in *Henry v. Gill Industries, Inc.*, 983 F.2d 943 (9th Cir.1993), which was decided "during the pendency of the appeal." *United States v. Patrin*, 575 F.2d 708, 712 (9th Cir.1978). This issue is properly before the court.

■ The Guam Rules of Court which were in effect at the time of that the Guam Superior Court heard the motion for summary judgment are rules of practice which did not supersede the substantive requirements of

Guam Rule of Civil Procedure 56. Moreover, Guam Rule of Civil Procedure 56 is governed by Ninth Circuit precedent for the analogous federal rule. Accordingly, we conclude that the trial court erred when it entered summary judgment in favor of Coral Pit solely because it deemed that the Cristobals had consented to the motion on the basis of Guam Rule of Court 3(c). *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir.1993).[2]

### B. Exclusion of Opposing Affidavit

■ The Cristobals argue that the trial court erroneously excluded an opposing affidavit. Although a court has discretion to permit late papers in opposition, Guam R.Civ.P. 56(c) and Guam Rules of Court 3(a) allow affidavits to be served until the day prior to a hearing without the permission of the court. The Cristobals argue that when the Guam Superior Court mooted the hearing on summary judgment that it effectively denied the possibility of serving an affidavit in opposition, in contravention of Rule 56(c). This argument is not frivolous, but nothing in the record indicates that the Cristobals ever proffered an affidavit, even though they claim that it was available at the January 15, 1991 hearing. Inasmuch as it relates to the relationship between the deemed consent mandated by Guam Rule of Court 3(c) and the substantive requirements of Guam Rule of Civil Procedure 56, this issue is addressed elsewhere. Since the prepared affidavit was never offered, the court's preclusion of the affidavit by itself does not provide a basis for reversal.

### C. Coral Pit's Entitlement to Summary Judgment

The Cristobals argue on appeal that Coral Pit's moving papers did not establish an entitlement to summary judgment. First, the Cristobals argue that Coral Pit's moving papers did not meet the formal requirements of the statute because the attached documents were unauthenticated. Second, they argue that even if the papers were accepted at face

---

2. Our decision in *Brydges v. Lewis,* 18 F.3d 651 (9th Cir.1994) is not to the contrary. In *Brydges* the local rule was permissive rather than mandatory, and the trial court warned the plaintiff in advance of the consequences of his failure to respond. Guam Rule of Court 3(c) is mandatory, and nothing in the record indicates that the Cristobals were warned by the trial court.

value, the papers failed to establish the absence of any genuine issues of material fact. Finally, the Cristobals argue that the papers failed to show that Coral Pit was entitled to judgment as a matter of law.[3]

### 1. Facial Sufficiency

■ Guam Rule of Civil Procedure 56(e) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify on the matters stated therein." The Cristobals contend that Coral Pit's moving papers were not supported by any authenticated documents. Coral Pit argues that a party can waive the authentication requirements of Rule 56(e) if no objection is raised before the trial court. *Townsend v. Columbia Operations,* 667 F.2d 844, 849 (9th Cir.1982) ("even if [documents] were not presented in compliance with Fed. R.Civ.P. 56(e), they would support a summary judgment in the absence of objection to their use.").

Although the Ninth Circuit has never directly rejected *Townsend, supra,* on this point, it is outweighed by the Ninth Circuit's more recent and consistent holding that a court should deny a motion for summary judgment if "the movant's papers are insufficient on their face...." *Sheet Metal Workers' Int'l Ass'n. v. Nat'l Labor Relations Bd.,* 716 F.2d 1249, 1254 (9th Cir.1983) (citations omitted). "This court has consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir.1987); *cf. Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1550–51 (9th Cir.1990) (unauthenticated document should not support a

motion for summary judgment, but error harmless where both sides offer same document); *White by White v. Pierce County,* 797 F.2d 812, 815 (9th Cir.1986) (unauthenticated documents cannot support opposition to motion for summary judgment).

Coral Pit argues, however, that authenticity is not disputed, and that the Cristobals themselves adopt the same exhibits in their Opening Brief before the Appellate Division. In *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1550–51 (9th Cir.1990) this court held that use of unauthenticated documents for summary judgment was harmless error where both sides relied on the same documents. Although the Cristobals did not rely on the same documents at the time summary judgment was granted, they have since, so the question of authentication is moot. Although the Superior Court arguably erred when it decided with only unauthenticated documents, *Townsend* provided arguable authority for its decision. Since the Cristobal's ultimately adopted the same documents, we conclude that this was not reversible error.

### 2. Issues of Material Fact and Entitlement as a Matter of Law

■ Guam Rule of Civil Procedure 56(c) allows summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Cristobals contend that Coral Pit's motion for summary judgment failed to establish the absence of any question of material fact, and failed to establish an entitlement to summary judgment as a matter of law. Interpreting Federal Rule of Civil Procedure 56 the Ninth Circuit has held that it is "the burden of the moving party to demonstrate the absence of any material fact." *Hoover v. Switlik Parachute*

---

3. Coral Pit argues that issues related to the sufficiency of the motion for summary judgment should not be considered on this appeal because they were never presented to the Guam Superior Court, and were presented for the first time on appeal to the Appellate Division. Ultimately our disposition of these issues accords with the prudential reasons behind this argument. Nonetheless, we must note that since the core issue which we decide today stems from how the Guam Superior Court truncated consideration of

the motion for summary judgment when it deemed it consented to and disposed of the hearing, it would surprise us if the Cristobals had raised these issues before that court. We can decide whether the Guam Superior Court itself had an obligation to address the sufficiency of the motion for summary judgment. *Compare Smiley v. Director,* 984 F.2d 278, 281 (Ninth Circuit will consider on appeal an issue of law which administrative board had an obligation to address *sua sponte* ).

*Co.,* 663 F.2d 964, 967 (9th Cir.1981). This is true, even when the party against whom the motion for summary judgment is directed has not filed any opposition. *See Sheet Metal Workers' Int'l Ass'n. v. Nat'l Labor Relations Bd.,* 716 F.2d 1249, 1254 (9th Cir.1983). A court should deny a motion for summary judgment if "the movant's papers ... themselves demonstrate the existence of a material issue of fact." *Id.* (citations omitted).[4]

■ The Cristobals claim that Coral Pit's moving papers which relied on letters between the parties' attorneys demonstrated an unresolved and material factual issue regarding the authority of the Cristobal's first attorney, Teker, to reach a settlement agreement. Coral Pit, on the other hand, notes that a majority of jurisdictions recognize a rebuttable presumption that a client authorizes a settlement entered into by client's attorney. *See, e.g., Capital Dredge and Dock Corp. v. City of Detroit,* 800 F.2d 525, 530–31 (6th Cir.1986) ("Generally, when a client hires an attorney and holds him out as counsel representing him in a matter ... [t]he third party may rely on the attorney's apparent authority unless he has reason to believe that the attorney has no authority to negotiate a settlement.").

The Cristobals argue, however, that determination of apparent authority is an issue of fact (*Nat'l Labor Relations Bd. v. Donkin's Inn, Inc.,* 532 F.2d 138, 141, *cert. denied,* 429 U.S. 895, 97 S.Ct. 257, 50 L.Ed.2d 179 (9th Cir.1976)) which in this instance went undetermined because the Guam Superior Court acted as though there were no issues of fact to resolve. The Cristobals argue that any presumption in favor of Teker's apparent authority "burst" when Teker wrote to Lannen on March 16, 1990: "As I mentioned I still don't have the authority to give you this

letter but I think I will." Under this theory Teker had no authority until it was explicitly reinstated. Guam Code Civ.P. § 1963(32); *Rauer v. Rynd,* 27 Cal.App. 556, 150 P. 780 (1915) (interpreting Cal.Civ.Code § 1963 (now codified as Cal.Civ.Code § 3547)).[5] The Cristobals argue that this "bursting bubble" or Thayer theory of presumption governs this situation because the presumptions of fact before the Superior Court are governed by the Guam Rules of Evidence, 6 G.C.A. § 301, which track the Federal Rule, and that the Federal Rule embodies the "bursting bubble" approach to presumption. *Compare In re Yoder,* 758 F.2d 1114, 1118–20 (6th Cir.1985). In the alternative, the Cristobals argue that Teker's statement at the very least created a presumption which shifted the burden of proof regarding Teker's authority onto Coral Pit.

The Cristobals also contend that Coral Pit was not entitled to a grant of summary judgment as a matter of law because Coral Pit had not accepted the settlement agreement which forms the basis for this summary judgment. Specifically, by adding additional terms in their acceptance letter, Coral Pit's supposed acceptance is, as a matter of law, a counter-offer. Coral Pit argues, however, that the acceptance of the proposed terms was clear and unconditional, and that acceptance did not hinge on the additional, separable terms.

Courts have authority to enforce settlement agreements. *See In re: City Equities Anaheim, Ltd.,* 22 F.3d 954, 957 (9th Cir. 1994); *Wilkinson v. F.B.I.,* 922 F.2d 555, 557 (9th Cir.1991). The issue contested here is whether there was an enforceable agreement as a matter of law. This dispute focuses exclusively on whether the two terms added in the second to last paragraph of Lannen's letter of April 24, 1990 qualify his acceptance

---

**4.** Although dicta in *Franklin v. Murphy,* 745 F.2d 1221 (9th Cir.1984), and *White by White v. Pierce County,* 797 F.2d 812, 815 (9th Cir.1986) suggest that failure to respond to a motion for summary judgment might justify granting the motion, it is clear that in both cases the trial and appellate courts carefully evaluated the moving papers and determined that there was no issue of material fact. *See especially White by White v. Pierce County,* 797 F.2d at 815 ("Even in the absence of opposing affidavits, summary judgment is inap-

propriate where the movant's papers are insufficient on their face.").

**5.** Guam adopted many of its statutes from California statutes. California interpretations of adopted statutes prior to Guam's adoption are binding, and California interpretations following adoption are persuasive. *See, e.g., Guam Hakubotan, Inc. v. Furusawa Inv. Corp.,* 947 F.2d 398, 401 (9th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1996, 118 L.Ed.2d 591 (1992).

and constitute a counter-offer (*See, e.g., Landberg v. Landberg,* 24 Cal.App.3d 742, 750, 101 Cal.Rptr. 335 (1972)) or whether the letter is an unequivocal acceptance with an expressed desire for different terms which binds the parties (*see, e.g., Chicago Bridge & Iron Co. v. Indus. Accident Comm'n,* 226 Cal.App.2d 309, 316 n. 2, 38 Cal.Rptr. 57 (1964)). The Cristobals argue that these added terms are material terms, and that materiality, not the conditionality of the language, should govern whether the terms are treated as a counter-offer. *Bartone v. Taylor–Benson–Jones Co.,* 119 Cal.App.2d 79, 258 P.2d 1054 (1953).

These issues, i.e., the existence of Teker's authority to settle the suit, and the enforceability of the purported settlement agreement as a matter of law, turn on interpretation of the Guam's substantive law of agency, professional responsibility, evidence, and contracts. We recognize the local Guam courts as uniquely qualified to resolve the many statutory and common law issues raised in the Cristobals appeal. Because the Superior Court deemed the Cristobals to have consented to the motion for summary judgment on the basis of its Rules of Court we review a record which leaves us bereft of the trial court's wisdom on these issues.

As noted above, we review these issues de novo. Nonetheless, our power to decide the law in this case is tempered by our concerns for comity. In *Guam v. Yang,* 850 F.2d 507, 510 (9th Cir.1988) (en banc) we noted that "Congress has specifically required that relations between the federal courts and Guam's local courts be the same as those between the federal and state courts." Although this is not functionally accurate because of this court's direct appellate authority over Guam's local courts, the concern for comity expressed by Congress, and by this court, teaches us that this court need not address some issues of peculiarly local concern. *Cf., Lynn v. Chin Hueng International, Inc.,* 852 F.2d 1221 (9th Cir.1988) (Ninth Circuit gloss in a matter of peculiarly local importance and broad discretion not binding on Guam Courts).

This court's deepest concern in this case is to see that courts within this circuit do not use rules of practice as the basis for entering summary judgment without independently evaluating the sufficiency of the moving papers. *Henry v. Gill Industries, Inc.,* 983 F.2d 943 (9th Cir.1993). This case perfectly demonstrates the prudence of such a rule. Bereft of the trial court's independent evaluation of the merits of summary judgment an appellate panel is left to decide the issues with only a meager record and bickering briefs. The Cristobals have asked this panel to address the sufficiency of the entry of summary judgment, and by doing so have invited this panel to create precedent for Guam regarding the law of agency, professional responsibility, evidence, and contracts without any guidance from the local courts regarding the application of Guam law to this set of facts. Although we recognize our right to establish binding precedent, we decline the invitation to do so.

### IV. CONCLUSION

We hereby **REVERSE** the order affirming the Superior Court's entry of summary judgment and **REMAND** to District Court of Guam Appellate Division with instructions to **REMAND** to the Superior Court of Guam for its independent determination of Coral Pit's entitlement to summary judgment.