113 F.3d 1240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Felicitas FARMER, Plaintiff-Appellant,
v.
Rose SLOTNICK; Marine Drive Exchange Corporation, dba Hafa
Adai Exchange, Defendants-Appellees.
 No. 96-15666.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1997.*
Decided May 14, 1997.
 
 1
 Before: NORRIS, HALL, and TASHIMA, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Felicitas Farmer challenges the trial court's order dismissing her case with prejudice for failure to prosecute under Rule 41(b) of the Guam Superior Court Rules of Civil Procedure.[1] In addition, her counsel challenges the trial court's order denying counsel's motion to withdraw as attorney of record. The Appellate Division affirmed the trial court's order dismissing appellant's case for failure to prosecute, and dismissed counsel's appeal of the trial court's order denying his motion to withdraw as moot. We AFFIRM.
 
 
 4
 * Appellant argues that the trial court erred in dismissing her case for failure to prosecute because the delay was reasonable, because appellees were not prejudiced thereby, and because the trial court did not warn appellant about the possibility of dismissal or consider an alternative sanction. We review the trial court's decision to dismiss for failure to diligently prosecute for a clear abuse of discretion. Lynn v. Chin Jeung Int'l, Inc., 852 F.2d 1221, 1222 (9th Cir.1988).
 
 
 5
 In determining whether an abuse of discretion has occurred, a number of factors are relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and the existence of warning to the party occasioning the delay. See, e.g., Hamilton v. Neptune Orient Lines, Ltd., 811 F.2d 498, 499 (9th Cir.1987).
 
 
 6
 In the instant case, the period of inactivity lasted more than two years. Appellant argues that this delay was reasonable because she was experiencing personal problems. However, the mere fact that appellant had personal problems during this period, standing alone, does not necessarily mean that she was incapable of moving the case forward, especially since she was represented by counsel.
 
 
 7
 As far as the issuance of warnings and the consideration of alternate sanctions are concerned, Guam R.Civ.P. 41(b) does not require the trial court to issue a warning of possible dismissal or to consider alternative sanctions before dismissing a case for failure to prosecute. Lynn, 852 F.2d at 1222 (refusing to read into Guam R.Civ.P. 41(b) Ninth Circuit law requiring a warning and consideration of less drastic sanctions before a complaint can be dismissed for lack of prosecution).[2]
 
 
 8
 As far as the danger of prejudice to appellees is concerned, an affidavit from appellees' lawyer makes a showing that since the time appellant abandoned her lease in 1988, "memories have faded, and witnesses have disappeared." Affidavit of Gary Hull, filed Nov. 14, 1994, at 2. Appellant argues that this is insufficient and that we should find an abuse of discretion because appellees failed to show that they have been actually prejudiced by the delay. In support of her actual prejudice argument, appellant relies principally on the fact that in Lynn, the appellees made a showing of prejudice. 852 F.2d at 1222. However, Lynn does not hold that a showing of actual prejudice is required. In reviewing for abuse of discretion, we need only consider whether there was a danger of prejudice to the party suffering the delay. See Hamilton, 811 F.2d at 499 (interpreting Fed.R.Civ.P. 41(b)); see also In re Eisen, 31 F.3d 1447, 1452 (9th Cir.1994) ("[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant. The law presumes injury from unreasonable delay.") (interpreting the federal rule).
 
 
 9
 Finally, appellant makes an argument that dismissal under Guam R.Civ.P. 41(b) was inappropriate because appellees' motion to dismiss for failure to prosecute was filed about a year after appellant resumed active prosecution of the case. See Appellant's Br. at 16. This argument is foreclosed by Lynn, where we said,
 
 
 10
 As to [appellant's] argument that she was diligently prosecuting at the time of the motion to dismiss, she again seeks to impose the federal standard upon the local courts. Again, we refuse.
 
 
 11
 852 F.2d at 1223 (emphasis in original).
 
 
 12
 In sum, we find no abuse of discretion in the trial court's dismissal of appellant's action for failure to prosecute.
 
 II
 
 13
 Appellant's counsel seeks reversal of the trial court's order denying counsel's motion to withdraw as attorney of record. We agree with the Appellate Division that in light of the dismissal of the action, the issue of withdrawal is moot. As the Appellate Division put it, "the time in which effective relief could have been granted on appeal is now well past." Opinion of Guam District Court, Appellate Division, filed Mar. 5, 1996, at 6.
 
 
 14
 Counsel asks us to reverse on the withdrawal issue even if it is moot because reversal "would be of great help in the solution of any existing and/or future controversy that may arise between plaintiff and her counsel resulting from or corollary to the instant action." Appellant's Br. at 29. This concern about possible problems between attorney and client does not justify reversal of the order denying withdrawal.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rule 41(b) provides in relevant part:
 For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.
 Guam R.Civ.P. 41(b).
 
 
 [2]
 As we explained in Lynn,
 This court has construed the federal rule [41(b) ], in light of the conditions obtaining in federal trial courts, and the policies we have discerned therein, to command certain procedures prior to dismissal. The courts of Guam, however, are not required to read the identical language in a similar broad manner. In the absence of an authoritative decision aligning the interpretation of the Guamanian Rule with that followed by this court, we decline to characterize the assertion of independence by the local trial judge as an abuse of discretion. Though we may disagree with the methodology of docket management adopted by the local courts, we concede their proper role in administering their docket in light of prevailing local conditions.
 852 F.2d at 1222 (citation omitted).