**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARLAND SHAUN DARNELL, | No. 11-17877 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00635-WHA |
| v. | |
| J. VARGAS, Institutional Gang Investigations; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William H. Alsup, District Judge, Presiding[**]

Submitted December 19, 2012[***]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

California state prisoner Garland Shaun Darnell appeals pro se from the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable William H. Alsup, United States District Judge for the Northern District of California, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's summary judgment in his 42 U.S.C. § 1983 action alleging First, Eighth, and Fourteenth Amendment violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment, *Valdez v. Rosenbaum*, 302 F.3d 1039, 1043 (9th Cir. 2002), and for an abuse of discretion a dismissal for failure to effect timely service, *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment on Darnell's retaliation claim because defendants established that there was no genuine dispute of material fact as to whether defendant Vargas's alleged conduct was motivated by retaliation and whether it did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (discussing elements of retaliation claim); *Cristobal v. Siegal*, 26 F.3d 1488, 1491 (9th Cir. 1994) (explaining that court can grant unopposed summary judgment only when "the moving party bears its burden of showing its entitlement to judgment").

The district court did not abuse its discretion by dismissing Darnell's claims against defendants Thompson and Bolin, after granting Darnell additional time to serve, because Darnell failed to execute service within that time and to show good cause or excusable neglect for his failure to do. *See* Fed. R. Civ. P. 4(m) (requiring service within 120 days after complaint is filed); *In re Sheehan*, 253 F.3d at 513

(court has broad discretion to dismiss for failure to serve absent good cause).

Darnell's request for appointment of counsel, set forth in his opening brief, is denied. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (court may appoint counsel only under exceptional circumstances).

We do not address issues raised for the first time on appeal, including defendants' alleged violations of the Due Process Clause and the Racketeering Influenced and Corrupt Organizations Act, and unspecified prison officials' alleged interception of Darnell's mail related to various lawsuits. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

Issues not supported by argument are deemed waived, including Darnell's request to be transferred to the custody of the Federal Bureau of Prisons and the allegedly improper dismissal of his first amended complaint. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

Defendants' motion for judicial notice is granted. *See* Fed. R. Evid. 201(b).

**AFFIRMED.**