MEMORANDUM **
In 2006, Antonio Lopez-Gomez, who was born in Mexico, petitioned this court for review of the Board of Immigration Appeals’ final order of removal, arguing that he had obtained derivative United States citizenship from his father under the Immigration and Nationality Act (INA). Finding a genuine issue of material fact, the court transferred Mr. Lopez-Gomez’s case to the federal district court for a judicial determination of Mr. Lopez-Gomez’s claim to nationality. In January 2014, the district court granted the Attorney General’s unopposed motion for summary judgment, concluding that Mr. Lopez-Gomez had failed to introduce reliable evidence supporting his claim to derivative citizenship. We agree with Mr. Lopez-Gomez that a genuine issue of material fact remains and reverse and remand for further proceedings in the district court under 8 U.S.C. § 1252(b)(5)(B).
The derivative citizenship provision in effect at the time of Mr. Lopez-Gomez’s birth, see Runnett v. Shultz, 901 F.2d 782, 783 (9th Cir. 1990), granted citizenship to:
person[s] born outside the geographical limits of the United States ... of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen.
See former INA § 301(a)(7) (1952) (recodi-fied in 1978 at INA § 301(g), 8'U.S.C. § 1401(a)(7)). To obtain derivative citizenship under this provision, Mr. Lopez-Gomez must establish by a preponderance of the evidence, see Yee Tung Gay v. Rusk, 290 F.2d 630, 631 (9th Cir. 1961), that his biological father, Stephen Caldera, was present in the United States for ten years between September 2, 1925 (Mr. Caldera’s date of birth), and October 16, 1968 (Mr. Lopez-Gomez’s date of birth). Of those ten years, five must occur after September 2, 1939 (Mr. Caldera’s fourteenth birthday).
Mr. Lopez-Gomez argues that this physical presence requirement is met and accordingly that he is a United States citizen and not subject to removal. See Brown v. Holder, 763 F.3d 1141, 1146-47 (9th Cir. 2014) (“[T]he government is not permitted to deport citizens.... ”).
The INA provides that when a petitioner contests an Immigration Judge’s order of removal on the grounds that he is in fact a national of the United States, and where the court of appeals finds a genuine issue of material fact regarding the petitioner’s claim to nationality,[1] the court of appeals *731 shall transfer the proceeding to a federal district court “for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.” 8 U.S.C. § 1252(b)(5)(B). This de novo review of the petitioner’s nationality claim “provide[s] a fail safe against inadvertent or uninformed execution of a final order of removal against a person with a claim to United States nationality.” Theagene v. Gonzales, 411 F.3d 1107, 1110 n.4 (9th Cir. 2005).
At the summary judgment stage, the district court must view the evidence in the light most favorable to the non-moving party and ask whether the moving party has met its burden of showing that no genuine issue of material fact exists. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). Even when a motion for summary judgment is unopposed, as here, the moving party retains its burden to demonstrate the absence of any issue of material fact. See Cristobal v. Siegel, 26 F.3d 1488, 1494-95 (9th Cir. 1994). Trial courts resolving unopposed summary judgment motions have an obligation to evaluate independently the sufficiency of the moving papers. Id. at 1496. This court reviews de novo a district court’s decision to grant a motion for summary judgment. Bravo v. City of Santa Maria, 665 F.3d 1076, 1083 (9th Cir. 2011).
We find that a genuine issue of material fact remains regarding Mr. Lopez-Gomez’s claim to United States citizenship. The main evidence supporting Mr. Lopez-Gomez’s contention that Mr. Caldera was present in the United States for over five years between 1939 and 1968 is a declaration in which Mr. Caldera testifies that between 1947 and 1972 he traveled back and forth between Mexico and California to work as an agricultural laborer for periods of four to seven months each year. The record also contains additional declarations and depositions from Mr. Lopez-Gomez’s family members corroborating parts of Mr. Caldera’s declaration testimony. Read in the light most favorable to Mr. Lopez-Gomez, these declarations create a genuine issue of material fact regarding whether Mr. Caldera was present in the United States for over five years following his fourteenth birthday and preceding Mr. Lopez-Gomez’s birth. [1]
The district court reached a different conclusion. Because the paragraphs addressing the years 1950 to 1972 state that Mr. Caldera traveled between Mexico and California for five, six, or seven months out of the year, the court concluded that those paragraphs “do not provide enough detail for the Court to conclude that Stephen Caldera was physically present in the United States for any particular duration of time.” But this evaluation of Mr. Caldera’s declaration at worst improperly viewed the evidence in the light most favorable to the moving party, and at best weighed the evidence as a trier of fact would do.
It is true that, due to memory loss, Mr. Caldera was unable to corroborate his written declaration' with live testimony. But the extent to which this undermines the declaration’s reliability is a fact issue for resolution through a full evidentiary hearing. See Brown, 763 F.3d at 1144; see also Batista v. Ashcroft, 270 F.3d 8, 15 (1st Cir. 2001) (“[W]e deem it appropriate un *732 der § 1252(b)(5) to look for a genuine issue of material fact as to citizenship in the ‘pleadings and affidavits’ without regard to whether such materials are part of the administrative record.”). Anything less would undermine the INA’s “fail safe” against the inadvertent unlawful removal of a United States citizen. See Theagene, 411 F.3d at 1110 n.4; Brown, 763 F.3d at 1146-47.
Because a genuine issue of material fact remains as to Mr. Lopez-Gomez’s claim to United States citizenship, summary judgment was improper.[2]
Mr. Lopez-Gomez also argues that the district court erred by failing to obtain a knowing, voluntary waiver of Mr. Lopez-Gomez’s right to counsel before adjudicating his citizenship claim. Because we reverse on the grounds described above, we decline to address that question as to proceedings under 8 U.S.G. § 1252(b)(5)(B).
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3,

. Mr. Lopez-Gomez argues on appeal that the district court’s summary judgment order, finding no genuine issues of material fact as to Mr. Lopez-Gomez’s claim to citizenship, contradicted this court's 8 U.S.C. § 1252(b)(5)(B) transfer order and thus vio *731 lated the law of the case doctrine. But if the law of the case doctrine applied in this context, where a finding that a genuine issue of material fact exists is a prerequisite to transfer, no district court conducting a de novo citizenship hearing under 8 U.S.C. § 1252(b)(5)(B) could ever resolve a claim to citizenship on summary judgment, That is not the law.

. Mr. Lopez-Gomez also argues that the district court applied an erroneous burden of proof. After reciting the familiar summary judgment standard, the district court stated that, in a de novo citizenship hearing in district court, the petitioner "has the burden of proving his citizenship by a preponderance of the evidence.” The district court ultimately concluded that “Petitioner fails to meet his burden to demonstrate by a preponderance of the evidence that he is a United States citizen through his father Stephen Caldera in accordance to 8 U.S.C. § 1401(a)(7) (1968).” As the non-moving party, Mr. Lopez-Gomez was not required to prove his citizenship by a preponderance of the evidence to defeat summary judgment. Because we reverse on other grounds, we decline to resolve whether these statements constitute evidence of erroneous burden-shifting.