**YEE TUNG GAY, Yee Tung Park,**
**Appellants,**

**v.**

**Dean RUSK, as Secretary of State,**
**Appellee.**

**No. 16866.**

United States Court of Appeals
Ninth Circuit.

May 5, 1961.

Jackson & Hertogs and Joseph S. Hertogs, San Francisco, Cal., Stockton & Aldrich and Robert Ong Hing, Phoenix, Ariz., of counsel, for appellants.

Mary Anne Reimann, U. S. Atty., Tuscon, Ariz., and William E. Eubank, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before POPE, HAMLEY and MERRILL, Circuit Judges.

HAMLEY, Circuit Judge.

On May 10, 1951, Yee Tung Gay and Yee Tung Park, alleging that they were citizens of the United States, executed applications for passports at the American consulate in Hong Kong. They claimed to be the natural sons of Yee Moon Ben, a native-born citizen of the United States, and Wong Yuk Lan. Both alleged that they were born at Ling Ki Village, Toyshan District, Kwangtung Province, China, Yee Tung Gay on De-

cember 10, 1929, and Yee Tung Park on November 18, 1930.[1]

The applications were denied on June 5, 1951. The two applicants then joined in this suit for a judicial declaration that they are nationals of the United States.[2] Both plaintiffs were issued certificates of identity by the American consulate general in Hong Kong, thereby enabling them to come to the United States for the purpose of prosecuting this action. A trial was had in the United States District Court for the District of Arizona, and an adverse judgment was entered. It is declared therein that neither of the plaintiffs has been or is now a citizen or national of the United States.

Plaintiffs appeal, contending here that the court erred in (1) receiving in evidence improperly authenticated documents and oral and written hearsay pertaining to the question of whether their alleged father was the husband of one Bertha Elizabeth Harvey, a resident of the United States, at the time appellants were alleged to have been born in China; (2) holding that the marriage of Yee Moon Ben to Bertha Elizabeth Harvey was valid; (3) holding that by reason of the invalidity of the marriage of Yee Moon Ben to Wong Yuk Lan, their children, the appellants, were illegitimate; (4) holding that Section 1993 of the Revised Statutes of the United States (prior to 1934 amendment) confers citizenship only upon legitimate children who come within its terms; and (5) finding that appellants had failed to prove that they are blood sons of Yee Moon Ben.

Appellants' first four contentions relate to the questions of whether their father and mother were validly married at the time of appellants' births, and if not, whether this precludes appellants from claiming citizenship under former section 1993. Even if sustained, however, these contentions could not result in reversal if appellants failed to prove that they are the natural sons of Yee Moon Ben. We therefore turn first to a consideration of appellants' challenge to the court's finding that "There is no believable evidence to prove that plaintiffs, or either of them, are blood sons of Yee Moon Ben, alleged father of plaintiffs."

█ The burden was upon appellants to establish their citizenship by a fair preponderance of the evidence. Lee Hon Lung v. Dulles, 9 Cir., 261 F.2d 719, 720. Appellants called seven witnesses, including themselves. Both of the appellants testified on direct examination that they were born in China and that Yee Moon Ben was their natural father. Another witness, Ong Sin Kee, testified on direct examination that appellants had visited Yee Moon Ben at various times after their arrival in the United States. He also testified that Yee Moon Ben had told him that Yee Moon Ben had two sons and was preparing papers to bring them into the United States. None of the other witnesses gave testimony tending to prove that appellants were the natural sons of Yee Moon Ben.

In addition to the oral testimony of appellants and Ong Sin Kee there is some additional support in the record for ap-

1. Citizenship was thus asserted under Rev. Stat. § 1993 (1875) (amended by 48 Stat. 797 (1934), present provisions contained in 8 U.S.C.A. §§ 1431–33). At the time of appellants' births section 1993 read as follows:

"All children heretofore born or hereafter born out of the limits and jurisdiction of the United States, whose fathers were or may be at the time of their birth citizens thereof, are declared to be citizens of the United States; but the rights of citizenship shall not descend to children whose fathers never resided in the United States."

2. The suit was commenced in accordance with the provisions of former section 503 of the Nationality Act of 1940, 54 Stat. 1171. This statute was repealed by the Immigration and Nationality Act, 8 U.S.C.A. §§ 1101–1503, June 27, 1952. Section 405(a) of the latter act, 66 Stat. 280, 8 U.S.C.A. § 1101 note, however, continued the former statute in force and effect as to suits which were pending when the 1952 act became effective on December 24, 1952. This suit was then pending, the complaint having been filed on May 7, 1952.

pellants' claim of blood relationship to Yee Moon Ben. On each and every occasion on which he was examined by the Immigration and Naturalization Service, Yee Moon Ben (deceased prior to the trial) reported his marriage to Wong Yuk Lan and the birth of his sons, the appellants. In another file of the Immigration and Naturalization Service there is a statement by Yee Tung Sing, older son of Yee Moon Ben by a former marriage, lending some support to appellants' position. In answer to an interrogatory appellee acknowledged that "most, but not all" of the information received from private persons supported the alleged blood relationship.

■ Appellee produced no witnesses on the question of blood relationship. The government did, however, cross examine appellants' witnesses at length. Considered as a whole, the testimony of these witnesses was tainted by enough in the way of interest, evasiveness, confusion, inconsistency and improbability to warrant the trial court in discrediting it, though it was uncontradicted. See Joseph v. Donover Co., 9 Cir., 261 F.2d 812, 824. No purpose will be served by setting out in this opinion the parts of the record which have led us to this conclusion.

There were also other circumstances which the trial court was entitled to take into account in finding that appellants had failed to sustain their burden of proof. Appellants submitted no photographs, letters, receipts or documentary proof of any kind, though Yee Tung Park stated that some such documentary evidence could have been produced. They chose instead to rely upon oral testimony supported only by statements of Yee Moon Ben and Yee Tung Sing in files of the Immigration and Naturalization Service. Appellants also resisted a motion to take blood grouping tests but were ordered to submit to such tests.[3]

The finding of the trial court that appellants failed to prove that they are blood sons of Yee Moon Ben is not clearly erroneous. In the face of this established finding, all contentions going to the issue of legitimacy are immaterial.

The judgment is affirmed.

---

3. No use could be made of these tests because for reasons not indicated in the record Yee Moon Ben did not submit to a similar test.