Francisco SANCHEZ–MARTINEZ, Petitioner-Appellant,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.

CA No. 82–5501.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 1983.

Decided June 13, 1983.

Ron Kilgard, Martori, Meyer, Hendricks & Victor, Phoenix, Ariz., for petitioner-appellant.

Elizabeth Jucius Dunn, John R. Holya, Phoenix, Ariz., for respondent-appellee.

Before DUNIWAY, SNEED and FARRIS, Circuit Judges.

PER CURIAM:

The Immigration and Naturalization Service initiated deportation proceedings against Francisco Sanchez-Martinez in 1974, alleging that he was not a citizen of the United States. The Service contended that he was born in Imuris, Mexico, while Sanchez-Martinez contended that he was born in Nogales, Arizona. The Immigration Judge held that he was not a United States citizen, and the Board of Immigration Appeals affirmed.

Sanchez-Martinez filed a petition for review with this court. We held that because he had made a non-frivolous claim to citizenship and had raised a genuine issue of material fact as to his place of birth, he was entitled to a de novo hearing in the district court on the question of citizenship. 8 U.S.C. § 1105a(a)(5).

The district court ruled that the action was for a declaratory judgment pursuant to 28 U.S.C. § 2201 and 8 U.S.C. § 1105a(a)(5). Following a de novo hearing on the question of citizenship, the district court concluded that, although Sanchez-Martinez had established a prima facie case of citizenship, the Service had proved by clear, unequivocal, and convincing evidence that he was born in Mexico. We affirm.

The parties dispute the proper standard for appellate review of the district court's determination. Sanchez-Martinez argues that *Lim v. Mitchell,* 431 F.2d 197, 199 (9th Cir.1970) (quoting *Lee Hon Lung v. Dulles,*

261 F.2d 719, 724 (9th Cir.1958)), requires that on appeal we "make an independent determination as to whether the evidence introduced by the Service was 'clear, unequivocal, and convincing.'"

*Lim,* which involved unusual facts, does not provide the standard of review here. In *Lim* there had been a prior determination of identity and citizenship by the Service upon which both the petitioner and the government had relied for many years. Lim had claimed his citizenship derivatively from his grandfather, who was born in the United States. The government did not dispute the citizenship of the persons Lim claimed as his father and grandfather. The only issue was whether Lim was in fact the grandson of the man from whom he claimed his derivative citizenship. The district court found that Lim was not a citizen. We reversed, holding that, in light of the Service's prior determination of citizenship and Lim's reliance on it for more than thirty years, the district court had erred in concluding that the government had met its burden of proving by "clear, unequivocal, and convincing" evidence that Lim was not a United States citizen. *Lim,* 431 F.2d at 204.

■ In the present case there has been no prior determination of citizenship. Sanchez-Martinez's claim to United States citizenship is based solely on his own belief and the recollections of others as to his putative birth in the United States some fifty years ago. Further, Sanchez-Martinez does not claim his citizenship derivatively from a citizen of the United States. The facts of this case are not sufficiently similar to those of *Lim* to justify a departure from our normal practice of rejecting a district court's findings of fact only if clearly erroneous. Fed.R.Civ.P. 52(a); *Yee Tung Gay v. Rusk,* 290 F.2d 630, 632 (9th Cir.1961).

The district court required the government to prove by "clear, unequivocal, and convincing" evidence that Sanchez-Martinez was not a citizen of the United States. In *Yee Tung Gay v. Rusk,* 290 F.2d at 631, we held that a petitioner in a declaratory judgment action in the district court to determine citizenship bore the initial burden of proving citizenship by a preponderance of the evidence. The government may then rebut this showing only by "clear, unequivocal, and convincing" evidence. *Lee Hon Lung v. Dulles,* 261 F.2d at 724. Like *Lim,* however, *Lee Hon Lung* involved a prior determination of citizenship by the Service. Whether the district court in the present case may have erred by imposing this heavy burden of rebuttal proof on the government in the absence of the special circumstances of *Lim* and *Lee Hon Lung* is not before us. Even though the proper burden may have been rebuttal by only a preponderance of the evidence, we do not decide this issue, since Sanchez-Martinez was not prejudiced if the district court held the government to a higher standard of proof than the law required.

■ In *Woodby v. Immigration and Naturalization Service,* 385 U.S. 276, 286, 87 S.Ct. 483, 488, 17 L.Ed.2d 362 (1966), the Supreme Court held that in deportation proceedings before the Service, the government bears the initial burden of proving deportability by "clear, unequivocal, and convincing evidence." The *Woodby* standard is identical to the burden that we impose on the government in declaratory judgment actions in which there are special circumstances such as in *Lim* and *Lee Hon Lung.* We do not now decide whether such a standard is applicable in the district court to cases which do not have these special circumstances.[1]

1. The allocation of the initial burden of proof flows from the nature of the proceeding. In the de novo hearing in district court, the citizen is in the position of a plaintiff seeking a declaratory judgment. 8 U.S.C. § 1105a(a)(5); 28 U.S.C. § 2201. He or she bears the initial burden of proof. In proceedings before the Service, the citizen is in the position of a defend-

ant. It follows that in these latter proceedings the government bears the initial burden of proof. *Woodby v. INS,* 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362, establishes what this burden must be. We do not decide whether *Woodby* alters our rule that a citizen seeking a declaration of citizenship in the district court is required to make an initial showing of citizen-

■ The district court could properly have found that the following facts were "clear, unequivocal, and convincing":

1) Sanchez-Martinez does not have an American birth certificate.

2) All of his American-born siblings have American birth certificates.

3) He has a Mexican birth certificate.

The district court was not clearly erroneous in concluding that these facts and other evidence, though disputed, were sufficient to support a determination that Sanchez-Martinez is not an American citizen.

Affirmed.

Kathryn R. DeVincenzi, Graham & James, San Francisco, Cal., for defendant-appellee.

Bernard Lindner, Beverly Hills, Cal., for plaintiff-appellant.

ship by a preponderance of the evidence. *Yee Tung Gay v. Rusk,* 290 F.2d at 631.