Jesus SANCHEZ–SANCHEZ, Petitioner,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 91–70082.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 1992.*

Decided Feb. 24, 1992.

---

Daniel Carrasco, Jr., Phoenix, Ariz., for petitioner.

Lori L. Scialabba, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, D.C., for respondent.

Before CANBY, NORRIS and LEAVY, Circuit Judges.

PER CURIAM:

Jesus Sanchez–Sanchez petitions for review of a decision of the Board of Immigration Appeals ("BIA") reversing the determination of the immigration judge ("IJ") and finding Sanchez–Sanchez deportable to Mexico pursuant to 8 U.S.C. §§ 1251(a)(2) & (11) as an alien who entered the United States without inspection and was convicted of possession of a controlled substance. Sanchez–Sanchez also seeks to have his case transferred to the United States district court for de novo determination of his claim to United States nationality pursuant to 8 U.S.C. § 1105a(a)(5)(B). We have jurisdiction to consider Sanchez–Sanchez's claim under 8 U.S.C. § 1105a(a). We transfer these proceedings to the United States district court for a de novo hearing on Sanchez–Sanchez's claim of citizenship.

Section 1105a(a)(5)(B) provides that whenever a petitioner claiming to be a national of the United States makes a non-frivolous showing of his citizenship, a court reviewing an order of the BIA must transfer the proceedings to a United States district court for a de novo hearing if a genuine issue of material fact as to the petitioner's nationality is presented. 8 U.S.C. § 1105a(a)(5)(B). In determining whether a genuine issue of material fact exists, Fed. R.Civ.P. 56 summary judgment principles are controlling, and thus "a court of appeals cannot refuse to allow a de novo review of a citizenship claim if the evidence presented in support of the claim would be sufficient to entitle a litigant to trial were such evidence presented in opposition to a motion for summary judgment." *Agosto v. INS,* 436 U.S. 748, 754–56, 98 S.Ct. 2081, 2087, 56 L.Ed.2d 677 (1978).

Here, our review of the record indicates, and the Immigration and Naturalization Service concedes, that Sanchez–Sanchez's claim is not frivolous, and a genuine issue of material fact as to his nationality is presented by the evidence before the BIA.[1] Accordingly, we transfer this proceeding to the district court for the District of Arizona, the district in which Sanchez–Sanchez resides, for a de novo hearing on Sanchez–Sanchez's claim to United States nationality. *See* 8 U.S.C. § 1105a(a)(5)(B); *Agosto,* 436 U.S. at 756, 98 S.Ct. at 2086–87. We express no view as to Sanchez–Sanchez's nationality claim, and hold this petition for review in abeyance pending judicial determination of this claim.

MATTER TRANSFERRED TO THE DISTRICT OF ARIZONA.

---

**1.** At his deportation hearing on September 21, 1987, Sanchez–Sanchez testified that he was told by his parents that he was born in San Antonio, Texas, and that he obtained a delayed Texas birth certificate just prior to entering the United States in 1983. He also testified that he obtained a Mexican birth certificate so that he could attend school in Mexico. Both Sanchez–Sanchez's natural mother and father also testi-

fied that their son was born in San Antonio, Texas, and corroborated Sanchez–Sanchez's testimony. Based on the parents' testimony, the IJ determined that Sanchez–Sanchez was a United States citizen by birth and terminated the deportation proceedings.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).