**Mark R. CLEMONS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE,
et al., Respondents.**

Civ. A. No. 92–B–2197.

United States District Court,
D. Colorado.

May 24, 1993.

**682**

Mark R. Clemons, pro se.

George Gill, Asst. U.S. Atty., Denver, CO, for respondents.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Petitioner Mark R. Clemons (Clemons) requests that I reopen this action and reconsider my March 22, 1993 order adopting the magistrate judge's recommendation concluding that the determination of Clemons' nationality should be made in his deportation proceedings. I decline to reopen this action or reconsider my March 22, 1993 order.

The file indicates that deportation proceedings against Clemons are in progress. As a defense to the deportation proceedings Clemons claims that he is an American national. Clemons argues that I, rather than the INS, should determine his claim of nationality under 8 U.S.C. § 1105a(a)(5).

Section 1105a pertains to judicial review of final orders of deportation under 8 U.S.C. § 1252(b). *See* 8 U.S.C. § 1105a(a). Under section 1105a(a)(5):

> whenever any petitioner, *who seeks review of an order under this section,* claims to be a national of the United States and makes a showing that his claims is not frivolous, the court shall (A) pass upon the issues presented when it appears from the pleadings and affidavits filed by the parties that no genuine issue of material fact is presented; or (B) where a genuine issue of material fact as to the petitioner's national-

ity is presented, transfer the proceedings to a United States district court for the district where the petitioner has his residence for hearing de novo of the nationality claim and determination as if such proceedings were originally initiated in the district court under the provisions of section 2201 of Title 28. Any such petitioner shall not be entitled to have such issue determined under section 1503(a) of this title or otherwise.

8 U.S.C. § 1105a(a)(5) (emphasis added). Section 1105a(a)(5) is not triggered until there has been a final order of deportation. Because there is no final order of deportation here I may not review Clemons' nationality status under section 1105a(a)(5).

Clemons apparently argues that the last sentence of section 1105a(a)(5) prohibits the INS from determining his claim of nationality during the deportation proceedings. I disagree.

Section 1503(a) permits a petitioner to bring a declaratory judgment action to determine his nationality except where, as here, the issue of a petitioner's nationality "(1) arose by reason of, or in connection with any exclusion proceeding under the provisions of this chapter or any other act, or (2) is an issue in any such exclusion proceeding". 8 U.S.C. § 1503(a). Section 1105a was designed to minimize dilatory and repetitious litigation of deportation orders. *Agosto v. INS,* 436 U.S. 748, 756 n. 7, 98 S.Ct. 2081, 2086 n. 7, 56 L.Ed.2d 677 (1978). Section 1105a(a)(5)'s prohibition of section 1503(a) proceedings or other actions to determine nationality streamlines the process of determining a petitioner's nationality. Once a petitioner's nationality is determined during a deportation proceeding and a final order of deportation enters, the petitioner has a right under section 1105a(a)(5) to have his claim of nationality reviewed by a federal court. Section 1105a(a)(5)'s preclusion of independent declaratory judgment actions under section 1503(a) merely prevents dual proceedings in federal court to determine a petitioner's nationality. It would be inconsistent with section 1105a's goal of reducing litigation over deportation orders to read section 1105a(a)(5) as prohibiting the INS from determining a

petitioner's nationality as a part of deportation proceedings. Rather, allowing the INS to determine a petitioner's nationality as a part of deportation proceedings, while still preserving the petitioner's right to judicial review of such determination under section 1105a(a)(5), furthers the goal of reducing dilatory and repetitious litigation over deportation orders.

Furthermore, section 1105a(a)(5)'s reference to "transfer" does not suggest that when a claim of nationality is raised the deportation proceedings must be transferred to a federal district court. Instead, transfer refers to the court of appeals' transfer of an action to the district court where, after section 1105a proceedings have been commenced properly, there is a genuine issue of material fact regarding the petitioner's nationality. *See Agosto*, 436 U.S. 748, 98 S.Ct. 2081; 8 U.S.C. § 1105a(a)(2) (venue in a section 1105a action is in the judicial circuit, as opposed to district, in which the administrative proceedings occurred). Clemons' request for judicial determination of his nationality is premature.

Accordingly, IT IS ORDERED that Clemons' motion to reopen and for reconsideration is denied.