16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mark R. CLEMONS, Plaintiff-Appellant,
v.
IMMIGRATION & NATURALIZATION SERVICE; Joseph Greene,
Director; United States Bureau of Prisons; Gene McNary,
Commissioner, United States Immigration and Naturalization
Service; William Perrill, Warden, FCI, Littleton, Colorado,
Defendants-Appellees.
 No. 93-1192.
 United States Court of Appeals, Tenth Circuit.
 Jan. 24, 1994.
 
 1
 Before TACHA and BRORBY, Circuit Judges, and BROWN,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 BRORBY
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Mark R. Clemons appeals from an order of the district court dismissing his complaint. See Clemons v. INS, 822 F.Supp. 681 (D. Colo.1993)(order denying motion for reconsideration). We affirm.
 
 
 4
 Plaintiff was convicted in federal court of misrepresentation to a financial institution and misuse of a social security number. He was sentenced to fifteen months' imprisonment. Pursuant to 8 U.S.C. 1252(a)(2), the Immigration and Naturalization Service (INS) placed a detainer against plaintiff pending investigation of his deportability.
 
 
 5
 Plaintiff commenced this action in district court seeking a declaratory judgment that he is a United States citizen.[2] Plaintiff alleged he qualified for United States citizenship pursuant to 8 U.S.C. 1409(a)(identifying circumstances under which citizenship may be granted to children born out of wedlock), and 8 U.S.C. 1401 (identifying circumstances under which citizenship may be granted to persons born outside of the United States). Citing 8 U.S.C. 1105a(a)(5) and 1503(a), plaintiff alleged he was entitled to have his citizenship claim determined de novo by the court prior to any deportation proceedings.
 
 
 6
 The district court held it did not have jurisdiction over the issue of plaintiff's citizenship because the INS had to consider the issue initially. On appeal, plaintiff argues he was denied due process because the district court refused to rule on the issue of his citizenship.
 
 
 7
 Plaintiff appears to have confused the right to an initial judicial determination of a claim with his right to de novo judicial review of his citizenship claim. Plaintiff does not have a right to an initial judicial determination of his citizenship. He must first exhaust his administrative remedies. See 8 U.S.C. 1105a(c); cf. Perez-Rodriguez v. INS, 3 F.3d 1074, 1080 (7th Cir.1993)(court lacked jurisdiction over petitioner's claim because, by neglecting to present his claim to the agency, petitioner failed to exhaust his administrative remedies); Castaneda-Suarez v. INS, 993 F.2d 142, 145 (7th Cir.1993)(allowing agency to address claims initially avoids premature interference with agency's processes and, by permitting the parties and courts benefit of agency's expertise, provides for compilation of record adequate for judicial review); Xiao v. Barr, 979 F.2d 151, 153 (9th Cir.1992)(Congress intentionally denied judicial review to alien who did not take advantage of right to administrative remedies).
 
 
 8
 Section 1503(a) is not available to plaintiff. Section 1105a(5) provides that that section is the exclusive remedy for an individual seeking review of an order of deportation or exclusion: "Any such petitioner shall not be entitled to have such issue determined under section 1503(a)...." See also 1503(a)(section not available if issue of status arose in connection with exclusion proceeding).
 
 
 9
 If plaintiff's claim of citizenship is denied by the INS, he may file a petition for review with the court of appeals. That court may transfer plaintiff's claim to the district court for de novo consideration, if the claim presents a nonfrivolous genuine issue of material fact. See 1105a(a)(5); Agosto v. INS 436 U.S. 748, 753 (1978)(Congress provided de novo district court review for cases in which the deportable person claims United States citizenship); see also Sanchez-Sanchez v. United States INS, 957 F.2d 702, 703 (9th Cir.1992)(transferring case to district court for determination of nationality after petitioner was found to be deportable alien); Sierra-Reyes v. INS, 585 F.2d 762, 763-64 (5th Cir.1978)(presenting analysis for determining whether action should be transferred to district court after petitioner was found to be deportable alien).
 
 
 10
 Plaintiff also argues that the issuance of the detainer constituted the denial of a right or privilege of nationality and entitles him to immediate judicial review. Plaintiff misconstrues the nature of a detainer.
 
 
 11
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 Plaintiff also sought an injunction prohibiting his transfer to Louisiana for the purpose of allowing the INS to conduct his deportation hearing there. The district court accepted the INS's stipulation that plaintiff would not be transferred to Louisiana for the hearing because, upon completion of his federal sentence, jurisdiction would be transferred to the state for service of a sentence entered pursuant to a state court judgment and the deportation action would be heard in Colorado. Plaintiff does not argue that this issue is not moot