32 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesus SANCHEZ-SANCHEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
Jesus SANCHEZ-SANCHEZ, Plaintiff-Appellant,
v.
IMMIGRATION & NATURALIZATION SERVICE, Defendant-Appellee.
 Nos. 91-70082, 93-17253.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 11, 1994.*
Decided Aug. 9, 1994.
 
 1
 Before: LEAVY, and KLEINFELD, Circuit Judges, and MARSH,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 In 1986, the INS served the appellant Sanchez-Sanchez with an order to show cause why he should not be deported as an alien who entered the United States without inspection pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1251(a)(2). Sanchez-Sanchez was charged with deportability as an alien convicted of a violation of a law relating to a controlled substance pursuant to section 241(a)(11) of the INA, 8 U.S.C. Sec. 1251(a)(11) (1988).
 
 
 4
 An Immigration Judge found Sanchez-Sanchez was a United States citizen by birth and terminated the deportation proceedings. The Board of Immigration Appeals ("BIA") reversed that determination, finding Sanchez-Sanchez deportable. Sanchez-Sanchez v. INS, 957 F.2d 702, 703 (9th Cir.1992) (per curiam). Sanchez-Sanchez petitioned for review of the BIA decision. We transferred the proceedings to the United States District Court for the District of Arizona for a de novo hearing on Sanchez-Sanchez' claim pursuant to 8 U.S.C. Sec. 1105a(a)(5)(B). Id. The petition for review was held in abeyance pending judicial determination of the claim. Id.
 
 
 5
 After considering the evidence, the district court concluded that Sanchez-Sanchez had not shown by a fair preponderance of the evidence that he was a United States citizen. Judgment was entered in favor of the INS. Sanchez-Sanchez appealed. The original petition for review of the BIA determination and this appeal are consolidated.
 
 
 6
 We reject a district court's findings of fact only if they are clearly erroneous. Sanchez-Martinez v. INS, 714 F.2d 72, 74 (9th Cir.1983) (per curiam), cert. denied, 466 U.S. 971 (1984). Under the clearly erroneous standard, we must accept the district court's findings of fact unless we are left with the definite and firm conviction that a mistake has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Service Employees Int'l Union et al. v. Fair Political Practices Comm'n, 955 F.2d 1312, 1317 n. 7 (9th Cir.), cert. denied, 112 S.Ct. 3056 (1992). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. Bessemer City, 470 U.S. 564, 574 (1985).
 
 
 7
 The record reflects that on April 11, 1961, the birth of Sanchez-Sanchez was registered in Mexico by his mother as having occurred on December 24, 1960, at Los Juntos de Umaya, Culiacan, Mexico. A birth certificate was issued by the Civil Registry of Nogales, Sonora, Mexico. The district court found not credible the testimony of Sanchez-Sanchez' mother that Sanchez-Sanchez was in fact born in San Antonio, Texas. Special deference is paid to a trial court's credibility findings. Id. at 573; United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991).
 
 
 8
 Because the district court's view of the evidence is plausible in view of the record, we find no clear error. Moreover, it is not clear error to find that a petitioner is not an American citizen where a birth certificate indicates that a birth took place outside the United States, especially where that certificate is the only contemporaneous documentary evidence of Sanchez-Sanchez' birthplace. See Sanchez-Martinez, 714 F.2d at 75.
 
 
 9
 The district court's decision disposes of all issues concerning Sanchez-Sanchez' petition for review. We therefore AFFIRM the decision of the district court in No. 93-17253 and DENY the petition for review of the order of the Board of Immigration Appeals in No. 91-70082.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Malcom F. Marsh, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3