**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODOLFO NAVARRO NEPOMUCENO; JACQUELINE GALLAS NEPOMUCENO, | No. 08-72413 |
| Petitioners, | Agency Nos. A093-167-922 <br> A099-189-285 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Rodolfo Navarro Nepomuceno and his wife Jacqueline Gallas Nepomuceno,

natives and citizens of the Philippines, petition for review of a decision of the

Board of Immigration Appeals affirming the immigration judge's denial of their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to terminate removal proceedings and their applications for cancellation of removal. Because we found that a genuine issue of material fact about Rodolfo Navarro Nepomuceno's nationality was presented, the matter was transferred to the district court for a new hearing and decision on Rodolfo Navarro Nepomuceno's claim of United States nationality. *See* 8 U.S.C. § 1252(b)(5)(B). Petitioners seek review of the district court's finding that Rodolfo Navarro Nepomuceno failed to prove his claim of United States citizenship. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The district court did not clearly err in finding that Rodolfo Navarro Nepomuceno failed to prove that he was United States citizen where he presented inadequate documentary evidence in support of his claim. *See Sanchez-Martinez v. INS*, 714 F.2d 72, 74 (9th Cir. 1983) (district court's findings of fact regarding citizenship are reviewed for clear error).

The district court did not abuse its discretion in denying petitioners' motion to strike defendant's response to petitioners' opposition to defendant's renewed motion for summary judgment because it was timely under the local court rules. *See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 n.4 (9th Cir. 2005) ("A district court's grant of a motion to strike is reviewed for an abuse of discretion.").

To the extent petitioners allege that their hearing before the immigration judge violated due process, this claim fails because petitioners are unable to demonstrate prejudice as the district court reviewed Rodolfo Navarro Nepomuceno's nationality claim de novo. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring substantial prejudice to prevail on a due process claim).

We reject petitioners' contentions regarding the district court's discovery decisions.

Petitioners have failed to raise in their opening brief, and, therefore have waived, any challenge to the agency's denial of their applications for cancellation of removal. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in opening brief may be deemed waived).

Finally, petitioners' motion to "permit the petitioner to disclose confidential information to the third party" is denied because it fails to specify the grounds for relief or identify the relief sought. *See* Fed. R. App. P. 27(a)(2)(A).

**PETITION FOR REVIEW DENIED.**