**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GERMAN ZUNIGA-HURTADO, aka Herman Zuniga, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-70076 <br><br> Agency No. A017-174-274 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 8, 2014
San Francisco, California

Before: O'SCANNLAIN, N.R. SMITH, and HURWITZ, Circuit Judges.

German Zuniga-Hurtado petitions for review of a decision of the Board of

Immigration Appeals affirming the immigration judge's denial of his motion to

terminate removal proceedings based on Zuniga-Hurtado's claim that he was a

citizen of the United States. We review the BIA's decision regarding legal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

question related to claims of citizenship de novo. *See Scales v. INS*, 232 F.3d 1159, 1162 (9th Cir. 2000). Because genuine issues of material fact existed with regard to Zuniga-Hurtado's nationality, we transferred this matter to the district court for a determination of Zuniga-Hurtado's claim of United States citizenship. *See* 8 U.S.C. § 1252(b)(5)(B). The district court held a hearing on Zuniga-Hurtado's citizenship claim and denied declaratory relief. Zuniga-Hurtado now seeks review of the district court's decision that he failed to prove his claim of United States citizenship. We have jurisdiction under 8 U.S.C. § 1252(b)(2). Because the district court's finding that Zuniga-Hurtado failed to establish that he was a United States citizen was not clearly erroneous, we deny the petition for review.

1.     The district court correctly applied the preponderance of the evidence burden of proof to Zuniga-Hurtado's citizenship claim. *See Sanchez-Martinez v. INS*, 714 F.2d 72, 74 (9th Cir. 1983) (per curiam). There is no basis for us to adopt a new burden of proof, even if we had the jurisdiction to do so. *See In re Findley*, 593 F.3d 1048, 1050 (9th Cir. 2010).

2.     The district court's factual findings regarding Zuniga-Hurtado's claim of United States citizenship were not clearly erroneous. *See Sanchez-Martinez*, 714 F.2d at 74. The district court also concluded that, in the alternative, even accepting

2

all of Zuniga-Hurtado's submitted evidence, he failed to meet his burden of proof that his mother was present in the United States for five years between 1936 and 1961. Based on a review of the record, this finding is not "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record."[1] *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (quotation marks omitted).

**PETITION FOR REVIEW DENIED.**

---

[1] Because we conclude that the district court's alternative finding was not clearly erroneous, we need not address Zuniga-Hurtado's challenges to the district court's evidentiary findings.