**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 05 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUGO PETERSEN-PALMA, AKA Hugo Leonel Petersen Palma, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-72776 <br><br> Agency No. A021-551-663 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2015[**]
Pasadena, California

Before: THOMAS, Chief Judge, CALLAHAN, Circuit Judge and KORMAN,[***]
Senior District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Petersen-Palma petitions for review of a decision of the Board of Immigration Appeals ("BIA"). The BIA concluded that the Department of Homeland Security had demonstrated Petersen-Palma's alienage, and that Petersen-Palma was not eligible for withholding of removal or deferral of removal under the Convention Against Torture. We have jurisdiction to consider Petersen-Palma's claims under 8 U.S.C. § 1252.

When a petitioner's claim of United States citizenship presents a genuine issue of material fact, 8 U.S.C. § 1252(b)(5)(B) requires us to transfer to the district court for de novo review of that claim. "Particularly where the evidence consists of the testimony of live witnesses concerning material factual issues, it will seldom if ever be appropriate to deny a *de novo* hearing, since '[i]t is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given their testimony can be appraised.'" *Agosto v. INS*, 436 U.S. 748, 757 (1978) (quoting *Poller v. Colum. Broadcasting Sys., Inc.*, 368 U.S. 464, 473 (1962)). Accordingly, we have transferred to the district court proceedings involving disputes over a petitioner's parentage, *Ayala-Villanueva v. Holder*, 572 F.3d 736 (9th Cir. 2009), and place of birth, *Sanchez-Sanchez v. INS*, 957 F.2d 702 (9th Cir. 1992).

Because petitioner has raised sufficient genuine issues of material fact as to his citizenship, we transfer this petition to the United States District Court for the Southern District of California. We express no view as to the merits of Petersen-Palma's claim to United States citizenship. The petition for review of the BIA's decision is held in abeyance pending resolution of that litigation, and the order of removal is stayed pending further action by the district court.

**TRANSFERRED.**