**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 08 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ANTONIO LOPEZ-GOMEZ, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   06-75149 <br><br> D.C. No. 3:08-cv-01276-W-RBB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted May 9, 2017
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: PREGERSON and FRIEDLAND, Circuit Judges, and LASNIK,[**] District Judge.

In 2006, Antonio Lopez-Gomez, who was born in Mexico, petitioned this court for review of the Board of Immigration Appeals' final order of removal, arguing that he had obtained derivative United States citizenship from his father under the Immigration and Nationality Act (INA). Finding a genuine issue of material fact, the court transferred Mr. Lopez-Gomez's case to the federal district court for a judicial determination of Mr. Lopez-Gomez's claim to nationality. In January 2014, the district court granted the Attorney General's unopposed motion for summary judgment, concluding that Mr. Lopez-Gomez had failed to introduce reliable evidence supporting his claim to derivative citizenship. We agree with Mr. Lopez-Gomez that a genuine issue of material fact remains and reverse and remand for further proceedings in the district court under 8 U.S.C. § 1252(b)(5)(B).

The derivative citizenship provision in effect at the time of Mr. Lopez-Gomez's birth, *see Runnett v. Shultz*, 901 F.2d 782, 783 (9th Cir. 1990), granted citizenship to:

> person[s] born outside the geographical limits of the United
> States . . . of parents one of whom is an alien, and the other

---

[**] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

> a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen.

*See* former INA § 301(a)(7) (1952) (recodified in 1978 at INA § 301(g), 8 U.S.C. § 1401(a)(7)). To obtain derivative citizenship under this provision, Mr. Lopez-Gomez must establish by a preponderance of the evidence, *see Yee Tung Gay v. Rusk*, 290 F.2d 630, 631 (9th Cir. 1961), that his biological father, Stephen Caldera, was present in the United States for ten years between September 2, 1925 (Mr. Caldera's date of birth), and October 16, 1968 (Mr. Lopez-Gomez's date of birth). Of those ten years, five must occur after September 2, 1939 (Mr. Caldera's fourteenth birthday).

Mr. Lopez-Gomez argues that this physical presence requirement is met and accordingly that he is a United States citizen and not subject to removal. *See Brown v. Holder*, 763 F.3d 1141, 1146–47 (9th Cir. 2014) ("[T]he government is not permitted to deport citizens . . . .").

The INA provides that when a petitioner contests an Immigration Judge's order of removal on the grounds that he is in fact a national of the United States, and where the court of appeals finds a genuine issue of material fact regarding the

3

petitioner's claim to nationality,[1] the court of appeals shall transfer the proceeding to a federal district court "for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28." 8 U.S.C. § 1252(b)(5)(B). This *de novo* review of the petitioner's nationality claim "provide[s] a fail safe against inadvertent or uninformed execution of a final order of removal against a person with a claim to United States nationality." *Theagene v. Gonzales*, 411 F.3d 1107, 1110 n.4 (9th Cir. 2005).

At the summary judgment stage, the district court must view the evidence in the light most favorable to the non-moving party and ask whether the moving party has met its burden of showing that no genuine issue of material fact exists. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). Even when a motion for summary judgment is unopposed, as here, the moving party retains its burden to demonstrate the absence of any issue of material fact. *See Cristobal v.*

---

[1] Mr. Lopez-Gomez argues on appeal that the district court's summary judgment order, finding no genuine issues of material fact as to Mr. Lopez-Gomez's claim to citizenship, contradicted this court's 8 U.S.C. § 1252(b)(5)(B) transfer order and thus violated the law of the case doctrine. But if the law of the case doctrine applied in this context, where a finding that a genuine issue of material fact exists is a prerequisite to transfer, no district court conducting a *de novo* citizenship hearing under 8 U.S.C. § 1252(b)(5)(B) could ever resolve a claim to citizenship on summary judgment. That is not the law.

*Siegel*, 26 F.3d 1488, 1494–95 (9th Cir. 1994). Trial courts resolving unopposed summary judgment motions have an obligation to evaluate independently the sufficiency of the moving papers. *Id*. at 1496. This court reviews *de novo* a district court's decision to grant a motion for summary judgment. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011).

We find that a genuine issue of material fact remains regarding Mr. Lopez-Gomez's claim to United States citizenship. The main evidence supporting Mr. Lopez-Gomez's contention that Mr. Caldera was present in the United States for over five years between 1939 and 1968 is a declaration in which Mr. Caldera testifies that between 1947 and 1972 he traveled back and forth between Mexico and California to work as an agricultural laborer for periods of four to seven months each year. The record also contains additional declarations and depositions from Mr. Lopez-Gomez's family members corroborating parts of Mr. Caldera's declaration testimony. Read in the light most favorable to Mr. Lopez-Gomez, these declarations create a genuine issue of material fact regarding whether Mr. Caldera was present in the United States for over five years following his fourteenth birthday and preceding Mr. Lopez-Gomez's birth.

The district court reached a different conclusion. Because the paragraphs addressing the years 1950 to 1972 state that Mr. Caldera traveled between Mexico

5

and California for five, six, or seven months out of the year, the court concluded that those paragraphs "do not provide enough detail for the Court to conclude that Stephen Caldera was physically present in the United States for any particular duration of time." But this evaluation of Mr. Caldera's declaration at worst improperly viewed the evidence in the light most favorable to the moving party, and at best weighed the evidence as a trier of fact would do.

It is true that, due to memory loss, Mr. Caldera was unable to corroborate his written declaration with live testimony. But the extent to which this undermines the declaration's reliability is a fact issue for resolution through a full evidentiary hearing. *See Brown*, 763 F.3d at 1144; *see also Batista v. Ashcroft*, 270 F.3d 8, 15 (1st Cir. 2001) ("[W]e deem it appropriate under § 1252(b)(5) to look for a genuine issue of material fact as to citizenship in the 'pleadings and affidavits' without regard to whether such materials are part of the administrative record."). Anything less would undermine the INA's "fail safe" against the inadvertent unlawful removal of a United States citizen. *See Theagene*, 411 F.3d at 1110 n.4; *Brown*, 763 F.3d at 1146–47.

Because a genuine issue of material fact remains as to Mr. Lopez-Gomez's claim to United States citizenship, summary judgment was improper.[2]

Mr. Lopez-Gomez also argues that the district court erred by failing to obtain a knowing, voluntary waiver of Mr. Lopez-Gomez's right to counsel before adjudicating his citizenship claim. Because we reverse on the grounds described above, we decline to address that question as to proceedings under 8 U.S.C. § 1252(b)(5)(B).

**REVERSED AND REMANDED.**

---

[2] Mr. Lopez-Gomez also argues that the district court applied an erroneous burden of proof. After reciting the familiar summary judgment standard, the district court stated that, in a *de novo* citizenship hearing in district court, the petitioner "has the burden of proving his citizenship by a preponderance of the evidence." The district court ultimately concluded that "Petitioner fails to meet his burden to demonstrate by a preponderance of the evidence that he is a United States citizen through his father Stephen Caldera in accordance to 8 U.S.C. § 1401(a)(7) (1968)." As the non-moving party, Mr. Lopez-Gomez was not required to prove his citizenship by a preponderance of the evidence to defeat summary judgment. Because we reverse on other grounds, we decline to resolve whether these statements constitute evidence of erroneous burden-shifting.

7

**Lopez-Gomez v Sessions 06-75149**

FILED

AUG 8 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRIEDLAND, dissenting.

Because I would affirm the district court's grant of summary judgment, I respectfully dissent.

To prevail on his claim of derivative citizenship, Antonio Lopez-Gomez must prove by a preponderance of the evidence that his father, Stephen Caldera, was physically present in the United States for ten years prior to Lopez-Gomez's birth, at least five of which were after Caldera turned fourteen. *See* former INA § 301(a)(7) (1952); *Yee Tung Gay v. Rusk*, 290 F.2d 630, 631 (9th Cir. 1961). Because Lopez-Gomez would bear this burden at trial, at summary judgment, the Government could meet its burden as the moving party by demonstrating that Lopez-Gomez failed to make a sufficient showing of an essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Government has done so here, so it has shown that it is entitled to summary judgment.

The evidence presented by Lopez-Gomez does not raise a genuine issue of material fact regarding whether Caldera was present in the United States for at least five years between September 2, 1939 (Caldera's fourteenth birthday) and October 16, 1968 (Lopez-Gomez's birth). Although the declarations and depositions provided by Lopez-Gomez suggest specific dates when Caldera may

have been present in the United States, they do not indicate the duration of time that Caldera was present. Moreover, at his deposition Caldera struggled to remember dates and time periods. There is no indication that Caldera's memory would be any better at trial, nor is there any indication that Lopez-Gomez has further evidence that he could produce at trial. When read in the light most favorable to Lopez-Gomez, therefore, the declarations and depositions are consistent with Caldera being present in the United States for the requisite five years. But they do not contain sufficient evidence to support a conclusion by a reasonable factfinder that Caldera was present in the United States for that length of time, and Lopez-Gomez has not pointed to any further evidence that he could offer were there a trial. Accordingly, I would affirm the district court's grant of summary judgment to the Government.[1]

---

[1] I would also reject Lopez-Gomez's right to counsel claim. The right to counsel of choice in removal proceedings, *see Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004), has not been extended to district court determinations of a claim to citizenship. Even assuming it should be so extended, there was no violation here because Lopez-Gomez knew he was permitted to be assisted by counsel and had a reasonable time to obtain counsel. *See Biwot v. Gonzales*, 403 F.3d 1094, 1098-100 (9th Cir. 2005).