FRIEDLAND,
dissenting.
Because I would affirm the district court’s grant of summary judgment, I respectfully dissent.
To prevail on his claim of derivative citizenship, Antonio Lopez-Gomez' must prove by a preponderance of the evidence that his father, Stephen Caldera, was physically present in the United States for ten years prior to Lopez-Gomez’s birth, at least five of which were after Caldera turned fourteen. See former INA § 301(a)(7) (1952); Yee Tung Gay v. Rusk, 290 F.2d 630, 631 (9th Cir. 1961). Because Lopez-Gomez would bear this burden at trial, at summary judgment, the Government could meet its burden as the moving party by demonstrating that Lopez-Gomez failed to make a sufficient showing of an essential element of his claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Government has done so here, so it has shown that it is entitled to summary judgment.
The evidence presented by Lopez-Gomez does not raise a genuine issue of material fact regarding whether Caldera was present in the United States for at least five years between September 2,1939 (Caldera’s fourteenth birthday) and October 16, 1968 (Lopez-Gomez’s birth). Although the declarations and depositions provided by Lopez-Gomez suggest specific dates when Caldera may have been present in the United States, they do not indicate the duration of time that Caldera was present. Moreover, at his deposition Caldera struggled to remember dates and time periods. There is no indication that Caldera’s memory would be any better at trial, nor is there any indication that Lopez-Gomez has further evidence that he could produce at trial. When read in the light most favorable to Lopez-Gomez, therefore, the declarations and depositions are consistent with Caldera being present in the United States for the requisite five years. But they do not contain sufficient evidence to support a conclusion by a reasonable *733 factfinder that Caldera was present in the United States for that length of time, and Lopez-Gomez has not pointed to any further evidence that he could offer were there a trial. Accordingly, I would affirm the district court’s grant of summary judgment to the Government.[1]

. I would also reject Lopez-Gomez’s right to counsel claim. The right to counsel of choice in removal proceedings, see Tawadrus v. Ashcroft, 364 F.3d 1099, 1103 (9th Cir. 2004), has not been extended to district court determinations of a claim to citizenship. Even assuming it should be so extended, there was no violation here because Lopez-Gomez knew he was permitted to be assisted by counsel and had a reasonable time to obtain counsel. See Biwot v. Gonzales, 403 F.3d 1094, 1098-100 (9th Cir, 2005).