122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark BROWN, Plaintiff-Appellant,
v.
CITY OF TUCSON; Tucson Police Dept.; Elaine Hedtke; James
Hendrick, Sharen Smith; Lynette Moody; Kenneth
Charvous; John Burrow, Defendants-Appellees.
 No. 94-16984.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997**
Decided Aug. 29, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-93-00565-JMR; John M. Roll, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mark Brown appeals the district court's partial summary judgment for defendants in Brown's 42 U.S.C. § 1983 action. Brown alleges that (1) he was falsely arrested by officers of the Tuscon Police Department; (2) the officers used excessive and unnecessary force; and (3) the City of Tucson and supervisory police officers negligently hired, trained and supervised the officers who arrested him. We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and we affirm.
 
 
 3
 We review de novo the sufficiency of the moving party's summary judgment motion, see Cristobal v. Siegel, 26 F.3d 1488, 1491 (9th Cir.1994), and for abuse of discretion the district court's decision to deem a party's non-compliance with its local rules constructive consent to the granting of a motion for summary judgment, see Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.1995) (per curiam).
 
 
 4
 "[A] motion for summary judgment cannot be granted simply because the opposing party violated a local rule." Marshall v. Gates, 44 F.3d 722, 725 (9th Cir.1995) (citing Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir.1993)). Summary judgment is only proper where the moving papers demonstrate the absence of any genuine issue of material fact. See Cristobal, 26 F.3d at 1496; Henry, 983 F.2d at 950.
 
 
 5
 Although the district court's order granting partial summary judgment does not indicate whether the district court considered the sufficiency of defendant's motion for summary judgment, upon our review of the record, we conclude that the defendants' motion for summary judgment establishes the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Thus, because we may affirm on any basis supported by the record, we conclude that the district court did not err by granting summary judgment for defendants. See Henry, 983 F.2d at 950.
 
 
 6
 Insofar as Brown contends that granting partial summary judgment was an abuse of discretion because it was too severe a sanction, we conclude that the district court did not abuse its discretion because Brown had been warned on two occasions that failure to file a timely, adequate opposition could result in the entry of summary judgment and because entry of summary judgment is not a sanction. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261-62 (9th Cir.1992).
 
 
 7
 AFFIRMED.
 
 
 
 **
 Because the panel unanimously finds this case suitable for decision without oral argument, Brown's request for oral argument is denied. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 We construe the appellee's motion to supplement the record on appeal as a motion to take judicial notice of the amended judgment and grant the motion.
 Finally, we deny appellee's motion to strike portions of Brown's reply brief, but we will only consider those contentions raised in Brown's opening brief.
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court concluded, in an order filed October 3, 1994, that there was no just cause for delay in appealing the grant of summary judgment for defendants City of Tucson, Tucson Police Department, Hedtke, Moody, Smith, and Burrow and on the claims alleging Fifth and Eighth Amendment violations, false arrest, municipal liability, and negligent hiring, training, and supervision