**Pamila LaLONDE, Plaintiff–Appellee,**

v.

**Allan Y. DAVIS and Mayumi D. Davis, Defendants–Appellants.**

No. 88–2988.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 1989.

Decided July 12, 1989.

---

**666**

Steele Lanphier and Daniel R. Del Priore, Agana, Guam, for defendants-appellants.

John E. Moore, Moore, Ching, Boertzel & Lawlor, Agana, Guam, for plaintiff-appellee.

Before GOODWIN, Chief Judge, HUG and TANG, Circuit Judges.

HUG, Circuit Judge:

Allan and Mayumi Davis appeal the order of the district court's appellate division affirming the Superior Court of Guam's decision to grant specific performance to Pamila LaLonde on a house sale contract. We affirm.

I.

The case presents the following set of facts. In September, 1985, LaLonde and the Davises negotiated the rental of a house in Tamuning, Guam, owned by the Davises. LaLonde raised the possibility of an option to purchase the house. While they agreed on the idea of the lease, they had greater difficulty reaching a deal on the purchase option. After rejecting one proposed purchase offer and its accompanying consideration, the Davises received another offer in October, 1985. They objected to certain provisions and returned this contract unsigned but cashed the $500 check sent along as a deposit.

In December, 1985, LaLonde's attorney forwarded to the Davises and their attorney an amended contract of sale that had been revised to conform with the Davises' objections to a prior draft. The Davises then signed the contract and returned it to LaLonde. Upon receipt of the signed contract, LaLonde signed it and forwarded a completed copy to the Davises along with another $500 deposit (having overlooked that the first $500 check had been cashed). The contract set March 31, 1986 as the closing date. Thereafter the Davises received a letter from their attorney, which suggested that the Davises should give some further thought to selling the house to LaLonde. The Davises then sought to rescind the sales contract and returned the second $500 check. LaLonde expressed her intention to proceed with the sales contract and went on to obtain mortgage financing and title insurance.

The closing date came and passed without action on the Davises' part. LaLonde ceased paying rent on April 1, 1986. In May, the Davises served notice to pay rent or quit. LaLonde then sued for specific performance of the sale contract in the Superior Court of Guam.

The trial court found for LaLonde. The Davises appealed to the district court of Guam's appellate division, as provided by 48 U.S.C. § 1424–3(a) (Supp. II 1984). The appellate division affirmed the trial court. We have jurisdiction under 48 U.S.C. § 1424–3(c) (Supp. II 1984).

The Davises present two issues for consideration. First, they contend that the written contract is voidable because LaLonde fraudulently induced the Davises to sign it. The appellate division held that the Davises' failure to plead and prove fraud at

trial constituted a waiver of this issue. The Davises contend that this was error. The second issue raised by the Davises is that LaLonde failed to satisfy a condition precedent to the sale before the March 31 deadline.

## II.

The appellate division held that Rule 9(b) of the Guam Rules of Civil Procedure, like the federal rule, requires that fraud be pleaded with specificity. The court further held that Rule 8(c) of the Guam Rules of Civil Procedure, like the federal rule, mandates that affirmative defenses such as fraud must be pleaded or are waived and that the Davises had therefore waived this defense.[1] The Davises acknowledge that the affirmative defense of fraud was not pleaded, but they rely on Rule 15(b) of the Guam Rules of Civil Procedure, which, like Fed.R.Civ.P. 15(b), provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

We review *de novo* questions of federal and local law decided by the district court's appellate division. *de Vera v. Blaz*, 851 F.2d 294, 295 (9th Cir.1988). When interpreting a Guam statutory rule that closely tracks a federal procedural rule, Ninth Circuit interpretation of the federal rule controls our analysis. *Id.* at 296.

 The Davises contend that they tried by consent, as provided by Guam R.Civ.P. 15(b), the affirmative defense of fraud that they had failed to raise in their answer. Since the Davises neither amended their answer by motion nor received express consent from LaLonde to try the unpleaded fraud issue, they must show trial by implied consent. *See Consolidated Data Terminals v. Applied Digital Data Sys., Inc.*, 708 F.2d 385, 396 (9th Cir.1983). To establish implied consent, the Davises must demonstrate that LaLonde understood evidence had been introduced to prove fraud, *Campbell v. Trustees of Leland Stanford Jr. Univ.*, 817 F.2d 499, 506 (9th Cir.1987), and

that fraud had been directly addressed, not merely inferentially raised by incidental evidence, *Consolidated Data*, 708 F.2d at 396. Failure to object to the admission of evidence on the unpleaded issue does not establish implied consent. *Campbell*, 817 F.2d at 506.

The Davises have not shown trial by implied consent. As evidence of trying the fraud issue, the Davises point to only seven pages of transcript scattered throughout a total of about 250 pages. Those pages show no awareness on LaLonde's part that fraud was at issue, and they contain no direct statement of a fraud theory. At most, they contain testimony bearing only a possible indirect and incidental inference of fraudulent behavior. This is insufficient to establish that the issue was tried by implied consent. The Davises' reliance on LaLonde's failure to object to admission of this tangential evidence as proof of consent is misplaced. We see no basis for the Davises' claim that they tried and proved fraud in the trial court.

 The Davises' other contention involves LaLonde's alleged failure to meet a condition precedent to sale. This claim is also unpersuasive. The trial court found that on March 31, 1986, the day specified in the contract as the closing date, LaLonde was "ready, able, and willing" to comply in every respect with the terms set forth in the sale agreement. The Davises have suggested nothing that would lead us to the definite and firm conviction that the trial court erred in reaching this factual finding. *See Yeseta v. Baima*, 837 F.2d 380, 386 (9th Cir.1988). We are bound, consequently, to uphold it.

LaLonde is entitled to costs and fees on appeal pursuant to the real estate contract signed by the parties.

The appellate division order is AFFIRMED.

---

1. The appellate division also noted that even if the pleading deficiency were ignored it was clear from a review of the record that there was no fraud in the inducement.