**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SUZANNE IVIE,

            Plaintiff-Appellant,

  v.

ASTRAZENECA PHARMACEUTICALS
LP,

            Defendant-Appellee.

No.   21-35978

D.C. No. 3:19-cv-01657-JR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Jolie A. Russo, Magistrate Judge, Presiding

Argued and Submitted November 8, 2022
Portland, Oregon

Before: CLIFTON and BUMATAY, Circuit Judges, and BAKER,[**] International
Trade Judge. Dissent by Judge BUMATAY.

     Plaintiff-Appellant Suzanne Ivie appeals the district court's order granting the

Federal Rule of Civil Procedure 50(b) renewed motion for judgment as a matter of

law ("JMOL") filed by Defendant-Appellee AstraZeneca Pharmaceuticals, LP,

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The Honorable M. Miller Baker, Judge for the United States Court of
International Trade, sitting by designation.

vacating a jury verdict for Ivie, and ruling that she had failed to present factual evidence establishing enough of a connection to Oregon for the state's whistleblower statute, ORS § 659A.199, to apply to her claims. We have appellate jurisdiction under 28 U.S.C. § 1291 and we reverse.

This case presents a straightforward matter of civil procedure. Ivie asserts that AstraZeneca forfeited or waived its "Oregon-nexus argument" by failing to raise it in the parties' joint pretrial order or at any time prior to its initial JMOL motion brought at the close of Ivie's case.[1] AstraZeneca responds that it was not obligated to raise the defense in the pretrial order because a defendant need not include "negative defenses" as to which the plaintiff has the burden of proof and because the pretrial order included the general theory that "AstraZeneca denies that Ivie is entitled to any legal or equitable relief."

1. We agree with Ivie. District of Oregon Local Civil Rule 16-5, "Proposed Pretrial Order," requires the parties to submit "a proposed order to frame the issues for trial" that includes, *inter alia*, "[a] statement of each claim and defense to that claim with the contentions of the parties. Contentions . . . will be sufficient to frame the issues presented by each claim and defense." D. Or. Loc. R. 16-5(b)(4). "The pretrial order amends the pleadings, and it, and any later order of the Court[,] will control the subsequent course of the action or proceedings as provided in Fed. R.

---

[1] We do not resolve whether AstraZeneca's failure was a forfeiture or a waiver.

Civ. P. 16." *Id.* 16-5(d); *see also* Fed. R. Civ. P. 16(d) (providing that pretrial order "controls the course of the action unless the court modifies it"), 16(e) ("The court may modify the [pretrial] order issued after a final pretrial conference only to avoid manifest injustice.").

We have repeatedly emphasized that "a party may not 'offer evidence or advance theories at the trial which are not included in the [pretrial] order or which contradict its terms.'" *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1077 (9th Cir. 2005)[2] (quoting *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 886 (9th Cir. 1981)). This requirement extends to "any and all theories," *id.*, which means that "[a] defendant must enumerate its defenses in a pretrial order even if the plaintiff has the burden of proof," *id.* (citing *S. Cal. Retail Clerks Union v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir. 1984)).

AstraZeneca's frank admission that it failed to include the negative "Oregon-nexus" defense in the pretrial order resolves whether its Rule 50(b) motion raised a theory outside of the scope of that order. While AstraZeneca contends, citing *El-Hakem*, that its general denial was sufficient to alert Ivie that it would assert the

---

[2] The dissent's reliance on *El-Hakem* is unpersuasive. *El-Hakem* specifically explains that the implicit modification was acceptable because no party was prejudiced. *Id.* The modification there raised an "identical" defense that was already at issue in the case. *Id. El-Hakem* expressly distinguished that situation from a case—like the one before us—where a party "fail[s] to include *any* reference to the [new issue] in the pretrial order." *Id.* (emphasis in original).

3

"Oregon-nexus" defense such that she should prepare for it, a general denial does not alert anyone to anything beyond the utterly broad (and obvious) theory that the defendant believes the plaintiff should lose, and AstraZeneca simply ignores *El-Hakem*'s requirement that negative defenses must appear in the pretrial order to avoid forfeiture or waiver.[3]

2. AstraZeneca defends the district court's JMOL order on the alternative ground that the court implicitly exercised its discretion to modify the final pretrial order to "prevent manifest injustice." Fed. R. Civ. P. 16(c). Even accepting that characterization of the district court's JMOL order, Ivie responds that waiting until the grant of JMOL to modify was too late because it prejudiced her by denying her any opportunity to respond to the new defense.

We agree. Our cases teach that a district court must "first" modify a pretrial order before entertaining the presentation of theories outside the scope of that order. *First Nat'l Bank of Circle*, 652 F.2d at 886–87. "[P]articular evidence or theories

---

[3] AstraZeneca's citation of *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002), is unavailing. In *Zivkovic* we rejected a plaintiff's argument that a defendant waived a "negative defense" by failing to include it in the answer, but we did not address the issue of including such defenses in the pretrial order. AstraZeneca's assertion that *Zikovic* applies "by extension" to a pretrial order is simply unpersuasive, as is its further citation of two district court cases referring to "general denials" as being sufficient at the pleadings stage. A case that advances to entry of a pretrial order has advanced far beyond the pleadings stage—as, indeed, the district court's local rule recognizes by stating that the pretrial order "amends the pleadings."

which are not at least implicitly included in the [pretrial] order are barred unless the order is *first* modified to prevent manifest injustice." *Id.* (cleaned up and emphasis added) (citing Fed. R. Civ. P. 16). Here, even if the district court could be said to have implicitly modified the pretrial order, it did not do so "before granting" judgment as a matter of law to AstraZeneca. *Id.* at 887. Insofar as the court implicitly modified the pretrial order, it abused its discretion by doing so *after* trial and denying Ivie any opportunity to alter her trial presentation based on that retroactive modification. Denying Ivie that opportunity prejudiced her.

3. AstraZeneca further defends the judgment below on the additional alternative ground that the issue of geographic connection to Oregon was tried by consent under Federal Rule of Civil Procedure 15(b). The company argues that because its counsel mentioned that the events at issue took place outside the Portland area and asked witnesses about where relevant events occurred, Ivie was somehow on notice that AstraZeneca interjected the "Oregon-nexus" defense and that she consented to it by failing to object. This falls far short of what we require to demonstrate amendment of pleadings by implied consent at trial. A party asserting such implied consent "must demonstrate that [the adverse party] understood evidence had been introduced to prove [the new issue], *and that [the new issue] had been directly addressed*, not merely inferentially raised by incidental evidence." *LaLonde v. Davis*, 879 F.2d 665,

5

667 (9th Cir. 1989) (cleaned up and emphasis added). Neither party directly addressed the geographic-nexus issue at trial.

4. Falling back, AstraZeneca's last-ditch defense of the judgment below is to assert the plain error doctrine, the district court's alternative ground for its decision. "Plain error is a rare species in civil litigation, encompassing only those errors that reach the pinnacle of fault . . . ." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002) (quoting *Smith v. Kmart Corp.*, 177 F.3d 19, 26 (1st Cir. 1999)). Among other requirements, plain error review applies only when "needed to prevent a miscarriage of justice, meaning that the error 'seriously impaired the fairness, integrity, or public reputation of judicial proceedings.'" *C.B. v. City of Sonora*, 769 F.3d 1005, 1019 (9th Cir. 2014) (quoting *Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 36 (1st Cir. 2006)).

Here, even assuming the company's failure to include the geographic-nexus defense in the pretrial order was a mere forfeiture subject to plain error review rather than a waiver not subject to such review, AstraZeneca does not attempt to show that merely applying the wrong state's law "seriously impaired the fairness, integrity, or public reputation of judicial proceedings." *Id*. Choice-of-law errors are (regrettably) a routine occurrence in civil litigation, and we will be very busy indeed on plain error review if we get into the business of overturning jury verdicts based on such errors.

\* \* \*

We reverse the district court's order granting AstraZeneca's renewed motion for judgment as a matter of law, and we remand with instructions for the court to consider in the first instance whether the company's motion for new trial should be granted on the ground that the damages award was excessive.

**REVERSED AND REMANDED.**



*Suzanne Ivie v. AstraZeneca Pharmaceuticals LP*, No 21-35978
Bumatay, J., dissenting:

I respectfully dissent from the majority's decision. I would have left the decision on whether AstraZeneca forfeited or waived its argument based on the presumption against the extraterritoriality of Oregon law in the sound hands of the district court.

While a pretrial order controls the course of litigation between parties, the pretrial order should "be liberally construed" to allow theories at trial that are at least implicitly included in the order. *United States v. First Nat. Bank of Circle*, 652 F.2d 882, 886 (9th Cir. 1981). A defense is preserved if the pretrial order makes "*any* reference to the defense in the pretrial order." *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1077 (9th Cir. 2005). Even more to the point, in its discretion, the district court may modify a pretrial order "to prevent manifest injustice." Fed. R. Civ. P. 16(e). The district court may "implicitly exercise[]" this discretion by allowing a party to advance theories not contained in the pretrial order. *El-Hakem*, 415 F.3d at 1077.

In this case, the pretrial order did not explicitly identify the lack of nexus to Oregon as a defense to the Oregon Whistleblower claim. But the district court construed AstraZeneca's argument as encompassed in the company's Answer, which raised the "failure to state a claim upon which relief can be granted" as an affirmative defense. AstraZeneca also asserted in the pretrial order that "Ivie is [not]

entitled to any legal or equitable relief" on her Oregon Whistleblower claim. Based on AstraZeneca's pleadings, the district court concluded that Ivie had "adequate notice" of the defense—presumably meaning that Ivie would not be prejudiced by AstraZeneca's raising of the defense in the Rule 50(b) motion. That doesn't seem wrong—Ivie hasn't proffered any additional evidence that she would have admitted at trial if she had more express notice of the extraterritorial defense. The district court's ruling then seems to fall within its discretion. *El-Hakem*, 415 F.3d at 1077 ("In the absence of any prejudice to [Plaintiff], we cannot say that the district court abused its discretion.").

Even if the extraterritorial defense were not adequately encompassed in the pretrial order, we should have construed the district court's ruling as implicitly modifying the pretrial order. Indeed, the district court expressly found that denying AstraZeneca its defense would be a "manifest miscarriage of justice." *See* Fed. R. Civ. P. 16(e) (permitting amendment of the pretrial order "to prevent manifest injustice"). So, by permitting AstraZeneca to argue the extraterritoriality defense in its Rule 50(b) motion, the district court appropriately—if implicitly—exercised its discretion to amend the pretrial order under Rule 16(e). *See El-Hakem*, 415 F.3d at 1077.

The majority asserts that following *El-Hakem* here is "unpersuasive" because no party was prejudiced in that case. But the majority identifies no prejudice to Ivie.

On the other hand, as the district court found, AstraZeneca would pay a high price by applying Oregon law improperly. So I'm not sure why *El-Hakem* doesn't apply here. The majority also asserts that the district court needed to "implicitly" modify the pretrial order *before* granting the Rule 50(b) motion. Usually, when something happens "implicitly," it is not expressly said. *See* Oxford English Dictionary Online (defining "implicit" as "[i]mplied though not plainly expressed"). So it is immaterial that the district court didn't first announce it was "implicitly" amending the pretrial order before turning to the Rule 50(b) motion.

On the merits, the district court got it right. As the district court observed, "Oregon courts have consistently held that statutes must be construed to prohibit their extraterritorial application unless the language of the statute shows Oregon's Legislature intends them to have a broader scope." *Ivie v. AstraZeneca Pharmaceuticals LP*, 2021 WL 5167283, at *3 (D. Or. Nov. 5, 2021) (citing *State v. Meyer*, 183 Or. App. 536, 544–45 (2002)). The Supreme Court of Oregon said the same thing long ago: "No legislation is presumed to be intended to operate outside of the jurisdiction of the state enacting it." *Swift & Co. v. Peterson,* 233 P.2d 216, 228 (Or. 1951). "In fact, a contrary presumption prevails and statutes are generally so construed." *Id*. And I agree with the district court that Ivie has failed to rebut this presumption and has failed to present sufficient evidence of nexus to Oregon to sustain the Oregon Whistleblower verdict.

3

I respectfully dissent.